**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, L.L.C. | ) | Case Nos.   14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE THAT on Monday, November 10, 2014, at 9:30 a.m. or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer or any judge sitting in her stead in Room 615 of the Everett McKinley Dirksen Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the above-captioned Debtor's **MOTION FOR USE OF CASH COLLATERAL AND RELATED RELIEF**, at which time and place you may appear if you so see fit.

Dated:  November 3, 2014          Respectfully Submitted,

                                        **BLACKAMG, L.L.C.,**

                                        By:   /s/ Brian M. Graham
                                            One of its Attorneys

Brian M. Graham (ARDC # 6243015 )
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, hereby certifies that on November 3, 2014, he served the foregoing NOTICE OF MOTION along with the Debtor's MOTION FOR USE OF CASH COLLATERAL AND RELATED RELIEF on the persons listed on the attached service list via United States First Class Mail and on counsel for the United States Trustee and Northbrook Loans, LLC through the Court's ECF notification system.

                                                /s/ Brian M. Graham

                                      Brian M. Graham
                                      7634 Lakeside Drive
                                      Frankfort, IL 60423
                                      312-909-3322
                                      bmgrahampack@sbcglobal.net

## **SERVICE LIST**

**SEE EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, LLC | ) | Case No.    14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

## MOTION FOR USE OF CASH COLLATERAL AND RELATED RELIEF

BLACKAMG, L.L.C. ("BLACKAMG" or the "Debtor"), pursuant to section 363 of title 11, United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 4001, hereby moves this Court for the entry of an order allowing the Debtor to use cash collateral and related relief. In support of this Motion, the Debtor states as follows:

## JURISDICTION

1. The Debtor's case was commenced on September 8, 2014 (the "Petition Date") by the filing of voluntary chapter 11 petition by the Debtor pursuant to 11 U.S.C. § 301 in this Court. This Court has jurisdiction over the Debtor's chapter 11 case, all of the Debtor's property, wherever located, and the subject matter of this motion. 28 U.S.C. §§ 157 and 1334.

2. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

3. As a debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1107(a). No trustee, examiner or committee of unsecured creditors has been appointed to serve in the Debtor's chapter 11 case.

**INTRODUCTION**

4. The Debtor currently owns real estate located at 3339-41 N. Halsted, Chicago Illinois (the "Property"). The Property is a three story mixed use apartment building, containing two storefronts and four four-bedroom apartments. The storefronts and all apartment units are currently occupied. The Property is in good condition.

5. The Debtor has a lending relationship with Northbrook Loans, LLC ("Northbrook"), pursuant to which the Debtor owes Northbrook approximately $2.3 million (the "Northbrook Obligations"). As security for the Northbrook Obligations, Northbrook holds a mortgage on the Property.

6. On March 23, 2011, Northbrook filed a complaint to foreclose the mortgage on the Property in the Circuit Court of Cook County, case number 11 CH 11120, captioned *Northbrook Loans, LLC vs. BLACKAMG, L.L.C. et al*, (the "Foreclosure Action"). On or about June 8, 2011, Eric Janssen was appointed as receiver (the "Receiver") for the Property in the Foreclosure Action. The Foreclosure Action is currently pending and the Receiver is currently in possession of the Property.

7. For some time, the Debtor has been working on a restructuring of its obligations, including the Northbrook Obligations. This restructuring will be centered around an investment in the Debtor currently being negotiated with Out Chicago, LLC ("Out Chicago"), which the Debtor believes is in the best interests of creditors and the Debtor's estate in that it will realize value for creditors far in excess of what they could hope to realize through the Foreclosure Action. The Debtor commenced this case in order to preserve the value of the Property and effectuate its restructuring under the protection of the Bankruptcy Code.

## **RELIEF REQUESTED**

8. In order to effectuate its restructuring, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes: paying the administrative costs of this chapter 11 proceeding, insurance; real estate taxes; and other miscellaneous expenses incurred in its restructuring.

9. Attached as Exhibit A is the Receiver's Fifteenth Report filed in the Foreclosure Action. Currently, the Property has a positive cash flow, with monthly revenue from rents exceeding $20,000 and monthly expenses of approximately $10,000. The Receiver reports that he is currently holding in excess of $100,000 in his Receiver's account and approximately $21,000 in tenant security deposits.

10. The Debtor proposes to use up to $20,000 of cash collateral being held and collected by the Receiver to pay for the costs of administration of this chapter 11 case through November 30, 2014. The Receiver will continue to remain in possession of the Property and be excused from the requirements of 11 U.S.C. §543(a) – (c), while continuing to serve under the supervision of, and report to, the court overseeing the Foreclosure Action.

11. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Property and pay the administrative costs of this case will preserve the value of the Property and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of sections 361, 362 and 363 of the Bankruptcy Code.

12. The Debtor proposes, subject to the approval of the Court, to use cash collateral in which Northbrook asserts an interest. The Debtor's proposal will permit the Receiver to sustain the Property and allow the Debtor to attempt to reorganize its financial affairs through the

implementation of a plan of reorganization.  Furthermore, the Debtor's proposal will adequately protect the secured interest of Northbrook and any other creditor which may assert a security interest in the Property.

13.     Unless the Debtor is authorized to use cash collateral in which Northbrook asserts an interest, the Debtor will be unable to continue its reorganization efforts.  Losing the opportunity with Out Chicago to restructure its obligations will cause irreparable harm to the Debtor and its creditors.

14.     The Debtor proposes to use cash collateral and provide adequate protection to the Bank on the following terms and conditions:  the Debtor will allow the Receiver to continue to maintain and control the Property, including maintaining and paying premiums for insurance to cover the Property, paying post-petition real estate taxes when such taxes become due and payable, maintaining the Property in good repair and properly managing same; Northbrook will be allowed to receive post-petition payments from funds held by the Receiver; and Northbrook shall be granted valid, perfected, enforceable security interests in and to the Debtor's post-petition assets, including the Property and all proceeds and products which are now or hereafter become property of the Debtor's estate to the extent and priority of its pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the Petition Date through the next hearing on the use of cash collateral.

15.     The Debtor requests, pursuant to Fed. R. Bankr. P. 4001(b)(2), that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral, pending a final hearing on this Motion.

16.     The Debtor believes that it is in the best interests of the Debtor, its creditors and its estate to authorize use of that portion of its cash, all or a portion of which may constitute cash

collateral, in that, without the limited use of such cash as requested herein, the Debtor will be unable to pay and satisfy its post-petition expenses thereby resulting in immediate and irreparable harm and loss to the Debtor and its creditors.

## NOTICE

17. Seven days' notice of this Motion was provided to the Office of the United States Trustee, counsel for Northbrook, all creditors, including any party that may have asserted a lien on the Debtor's assets, and other parties requesting notice in the case. In light of the nature of the relief requested, the Debtor requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) authorizing the use of cash collateral upon the conditions set forth in this Motion until further order of this Court and / or pending a final hearing on this Motion; (b) setting a final hearing on this Motion; and (c) granting such other and further relief as this Court deems just and appropriate.

Dated:  November 3, 2014                    Respectfully Submitted,

**BLACKAMG, L.L.C.,**

By:___/s/ Brian M. Graham_____
       One of its Attorneys

Brian M. Graham (ARDC # 6243015)
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net