UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>BLACKAMG, L.L.C.<br><br><br>Debtor(s) | BK No.:   14-32758<br><br>Chapter: 11<br>Honorable Janet S. Baer |

**SECOND INTERIM ORDER REGARDING THE INTERIM USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION**

This matter coming before the Court on the motion ("Motion") of BLACKAMG, L.L.C. (the "Debtor") for an order allowing it to use cash collateral subject to the claims of Northbrook Loans, LLC ("Northbrook") and for related relief, due notice having been given and the Court having been advised in the premises, the Debtor representing to the Court that:

1. On September 8, 2014 (the "Commencement Date"), the Debtor filed its chapter 11 bankruptcy petition, thus commencing the above-captioned bankruptcy case (the "Case").

2. As of the Commencement Date, Northbrook asserts and Debtor acknowledges that Debtor was indebted to Northbrook in an amount in excess of $2,300,000.00 pursuant to the terms and provisions of certain loan agreements by and between the parties and/or their affiliates and/or predecessors (the "Northbrook Indebtedness").

3. As security for Debtor's payment of the Northbrook Indebtedness, the Debtor granted to Northbrook first priority security interest in and a lien and/or mortgage upon all of the property of the Debtor, including real property located at 3339-41 N. Halsted, Chicago Illinois (the "Property") and any rents, revenues and proceeds therefrom (the "Northbrook Collateral").

4. Debtor agrees that any and all cash received from the operation of the Property, both before and after the Commencement Date, and from all sources, constitutes cash collateral (the "Cash Collateral") in which Northbrook has an interest and that pursuant to § 363 of the Bankruptcy Code the Debtor must obtain Northbrook's consent or a court order to use the Cash Collateral. Debtor believes it has an obligation, pursuant to §§ 361 and 363 of the Bankruptcy Code, to provide adequate protection to Northbrook for the use of the Cash Collateral.

THE Court ORDERS as follows:

A. Retention of Property and Cash Collateral by Receiver. Pursuant to orders entered in the Circuit Court of Cook County, case number 11 CH 11120, captioned Northbrook Loans, LLC vs. BLACKAMG, L.L.C. et al, (the "Foreclosure Action"), Eric Janssen was appointed receiver for the Property on or about June 8, 2011. Eric Janssen shall remain in possession of the Property and all Cash Collateral, including rents, he is currently holding or may collect after the Commencement Date and shall continue to be subject to the supervision and approval of the court overseeing the Foreclosure Action. The Receiver is hereby excused from the requirements of 11 U.S.C. §543(a) – (c) while continuing to serve under the supervision of, and reporting to, the court overseeing the Foreclosure

Action. The Receiver will maintain the insurance and pay property taxes and other necessary expenses as appropriate under the supervision of the court overseeing the Foreclosure Action.

B. Replacement Liens. As partial adequate protection for Debtor's post- petition use of Cash Collateral, without prejudice to any party requesting additional adequate protection, and nunc pro tunc as of the Commencement Date, the Court hereby grants, ratifies and confirms Debtor's grant to Northbrook duly-perfected security interests in and liens on and against the Cash Collateral, the property constituting the Collateral, and any proceeds therefrom, wherever located, and whether presently owned or hereafter acquired of the same type, scope and priority as in existence on the Commencement Date; Said adequate protection shall continue to, in part, secure the debts to Northbrook, and any diminution in value of or any depletion in the amount of the Collateral that may occur during the Case and through use of the Collateral. No other document or filing shall be necessary to create, perfect, or enforce the replacement liens granted hereunder.

C. Payments. As partial additional adequate protection for Debtor's post- petition use of the Collateral and the Cash Collateral, Northbrook may be paid such Cash Collateral in the possession of the Receiver as may be approved by the court overseeing the Foreclosure Action. .

D. Use of Cash Collateral/Reports. Debtor shall use Cash Collateral to pay the administrative costs of its chapter 11 case. Debtor shall file Monthly Operating Reports on or before the 21st day of each month which reports will include at a minimum an income statement and sources and uses of cash for the previous calendar month.

E. Access to Records/Inspections. At reasonable intervals and upon reasonable request by any secured party, Debtor will provide: (a) access to, and an opportunity to copy, any and all non-privileged information in Debtor's possession or control regarding the operation of its business, including, without limitation, its books, records, operations and assets; and (b) an opportunity for Northbrook to inspect their collateral.

F. Term and Termination of this Order.

a. This Order shall continue in effect until the earlier of: (i) a breach of any provision contained herein by the Debtor; (ii) December 22, 2014, or (iii) the confirmation of a plan in this Case. The Order may also be terminated by a subsequent Order of this Court after appropriate notice and opportunity for a hearing to all parties in interest.

b. If Debtor breaches any provision of this Order, the Order shall be deemed terminated, Debtor's right to use the Cash Collateral shall immediately cease, and Northbrook shall be permitted to obtain an emergency hearing and seek relief from the automatic stay of § 362 of the Bankruptcy Code to enforce its rights and remedies in any collateral (the "Emergency Hearing").

c. In the event the Emergency Hearing is scheduled (as set forth in the preceding subsection), Debtor shall be required, under § 362 of the Bankruptcy Code, to (i) offer into evidence detailed and admissible proof that it has a reasonable probability of confirming a plan within a reasonable period time; and (ii) offer into evidence additional detailed and admissible proof of how Debtor can adequately protect each secured creditor under § 362(d)(1).

G. Reservation of Rights. Nothing in this Order shall be deemed to waive, alter, impair or otherwise affect any rights, claims or defenses of Debtor or any other party in interest, all of which are hereby

reserved and preserved. Without limiting the generality of the foregoing, any party may separately pursue relief from the automatic stay, additional adequate protection, or any other rights, claims, or defenses that arose before or after the Commencement Date against Debtor, any guarantor, or any other party. In addition, nothing in this Order shall be deemed to obligate Northbrook to advance any funds or provide any other financial accommodation to or for the benefit of Debtor, other than as set forth in this Order.

   H. Binding Effect. This Order shall be binding upon the Debtor and all other parties in interest, their successors and assigns, including but not limited to any subsequent Chapter 7 or Chapter 11 trustee.

   I. Modification of Automatic Stay.  The automatic stay of 11 U.S.C. § 362
shall be deemed modified to the extent necessary to effect the provisions of this Order.

   J. Modification of this Order. Any modification of this Order shall be made only upon a separate Order of the Court, after appropriate notice and opportunity for a hearing to all parties in interest. Moreover, no future modification, termination, stay, or other alternation of this Order, or dismissal or conversion of this case, shall retroactively vacate, terminate, avoid, subordinate, or otherwise affect any actions, rights, claims or obligations, including but not limited to adequate  protection  payments, replacement liens, or covenants that occurred prior to or are in effect as of such action.

   K. Notice of Entry. Within three days after entry of this Order, Debtor's counsel shall arrange to serve a copy of this Order by mail on all creditors and parties in interest who do not receive electronic notice of this Order, and shall certify same by filing a certificate of service with this Court.

   L. The Motion is continued to December 22, 2014 at 10:00 a.m. for final / continued hearing.

Enter: *Janet S. Baer*

Dated: 12/1/14

United States Bankruptcy Judge

**Prepared by:**
Brian M. Graham (ARDC # 6243015)
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net

Rev: 20130104_bko