**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, L.L.C. | ) | Case Nos.    14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on Wednesday, March 18, 2015, at 9:30 a.m. or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer or any judge sitting in her stead in Room 615 of the Everett McKinley Dirksen Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the above-captioned Debtor's **MOTION TO EXTEND TIME TO FILE PLAN AND DISCLOSURE STATEMENT**, at which time and place you may appear if you so see fit.

Dated:  March 10, 2015                                    Respectfully Submitted,

**BLACKAMG, L.L.C.,**


By:___/s/ Brian M. Graham_____
     One of its Attorneys

Brian M. Graham (ARDC # 6243015 )
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net

## **CERTIFICATE OF SERVICE**

        The undersigned, an attorney, hereby certifies that on March 11, 2015, he served the foregoing NOTICE OF MOTION along with the Debtor's MOTION TO EXTEND TIME TO FILE PLAN AND DISCLOSURE STATEMENT on the persons listed on the attached service list via electronic mail and through the Court's ECF notification system.

                                              /s/ Brian M. Graham

                                              Brian M. Graham
                                              7634 Lakeside Drive
                                              Frankfort, IL 60423
                                              312-909-3322
                                              bmgrahampack@sbcglobal.net

## SERVICE LIST

Raymond J. Ostler,
Gomberg, Sharfman, Gold & Ostler, P.C.
208 South LaSalle Street, Suite 1410
Chicago, Illinois 60604
E-mail: rostler@gsgolaw.com

George J. Spathis
Horwood Marcus & Berk Chartered
500 West Madison, Suite 3700
Chicago IL 60661
E-mail: gspathis@hmblaw.com

Denise DeLaurent
Office of the United States Trustee
219 S. Dearborn Street
Chicago, Illinois 60604
E-mail: Denise.DeLaurent@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, LLC | ) | Case No.    14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**MOTION TO EXTEND TIME TO FILE PLAN AND DISCLOSURE STATEMENT**

BLACKAMG, L.L.C. ("BLACKAMG" or the "Debtor") hereby moves this Court for the entry of an order extending its time to file a plan and disclosure statement, or to move for other appropriate relief, in the above captioned chapter 11 case. In support of this Motion, the Debtor states as follows:

**JURISDICTION**

1. The Debtor's case was commenced on September 8, 2014 (the "Petition Date") by the filing of voluntary chapter 11 petition by the Debtor pursuant to 11 U.S.C. § 301 in this Court. This Court has jurisdiction over the Debtor's chapter 11 case, all of the Debtor's property, wherever located, and the subject matter of this motion. 28 U.S.C. §§ 157 and 1334.

2. As a debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1107(a). No trustee, examiner or committee of unsecured creditors has been appointed to serve in the Debtor's chapter 11 case.

**BACKGROUND**

3. The Debtor currently owns real estate located at 3339-41 N. Halsted, Chicago Illinois (the "Property"). The Property is a three story mixed use apartment building, containing

two storefronts and four three-bedroom apartments. The storefronts and all apartment units are currently occupied. The Property is in good condition.

4. The Debtor has a lending relationship with Northbrook Loans, LLC ("Northbrook"), pursuant to which the Debtor owes Northbrook approximately $2.6 million (the "Northbrook Obligations"). As security for the Northbrook Obligations, Northbrook holds a mortgage on the Property.

5. The Property is also encumbered by several claims (collectively, the "Junior Lienholders") which may be subject to dispute, including: (a) a trust deed in favor of Rob Brumbaugh which secures an alleged indebtedness of approximately $250,000; (b) a mechanics lien in favor of HT Properties, Inc. in the approximate amount of amount of $120,000; (c) a mechanics lien in favor of Nuexteriors Concept, Inc. in the approximate amount of $15,300; (d) a mechanics lien in favor of Guz Construction Corp. in the approximate amount of $30,173; and (e) a judgment lien in favor of Minibar, Inc. ("Minibar")[1] in the approximate amount of $190,000.

6. On March 23, 2011, Northbrook filed a complaint to foreclose the mortgage on the Property in the Circuit Court of Cook County, case number 11 CH 11120, captioned *Northbrook Loans, LLC vs. BLACKAMG, L.L.C. et al*, (the "Foreclosure Action"). On or about June 8, 2011, Eric Janssen was appointed as receiver (the "Receiver") for the Property in the Foreclosure Action. The Foreclosure Action is currently pending and the Receiver is currently in possession of the Property. Pursuant to the cash collateral orders entered in this case, the Receiver has remained in possession of, and operated the Property during the pendency of this chapter 11 case.

---

[1] Minibar, a current tenant at the Property, and the Receiver (defined below) are currently in a dispute concerning the extension of Minibar's current lease which expires in September, 2015. This lease also is an issue with respect to the Property.

7. While the Foreclosure Action was pending, the Property became the subject of two real estate contracts. One (the "Wells Contract"), dated April 23, 2012, is between Northbrook and Halsted Investment Partners, LLC ("Halsted"), as assignee of Wells Street Companies, Inc. ("Wells") – that contract, in essence, obligates Northbrook to sell to Halsted both the Property and an adjacent parcel of real estate at 3335-37 North Halsted formerly owned by an affiliate of the Debtor (E55, LLC), but now owned by Northbrook pursuant to a foreclosure sale. The contract purchase price for both properties is $3.5 million, conditioned upon either Northbrook or Halsted being the successful bidder at the sheriff sale of the Property in the Foreclosure Action.

8. The other contract (the "JAB Contract"), dated April 29, 2013, is between the Debtor and Halsted as assignee of JAB Real Estate, Inc. ("JAB"). That contract originally provided for the sale of the Property to JAB for $2.55 million and certain other consideration (*i.e.*, dealing with the other encumbrances on the Property).

9. As of September, 2013, though it had obtained a judgment in the Foreclosure Action some time earlier, Northbrook had not caused the sheriff sale of the Property to go forward. As a result, Halsted commenced litigation against Northbrook seeking specific performance of the Wells Contract. That suit is currently pending in the Chancery Division of the Circuit Court of Cook County as Case No. 2013 CH 21556 (the "State Court Litigation").

10. The Debtor filed this chapter 11 case with the intent of restructuring its obligations, including the Northbrook Obligations, through an investment in the Debtor that it was negotiating prior to and after the Petition Date with OUT Chicago, LLC ("OUT Chicago"). The Debtor believes that such a restructuring was in the best interests of creditors and the Debtor's estate in that Out Chicago was willing to invest a sum which would allow it all

creditors - including Northbrook, the Junior Lienholders and Halsted – to realize value far in excess of what they could hope to realize through the Foreclosure Action. The Debtor commenced this case in order to preserve the value of the Property and effectuate a restructuring through the OUT Chicago investment under the protection of the Bankruptcy Code.

11. Since the Petition Date, the parties have been in discussions concerning exactly how the OUT Chicago funded restructuring would work. In essence, OUT Chicago was willing to invest a sum which would allow Northbrook to receive in excess of $3.5 million for the two properties (which is all Northbrook could expect if it completes the foreclosure of the Property and had to honor the Wells Contract) and also to provide some sum which could be shared among the Junior Lienholders and Halsted in exchange for a compromise of their claims against the Property.

12. Toward that end, OUT Chicago has made substantial progress with its discussions with the Junior Lienholders and Halsted. However, as of this date, OUT Chicago and Northbrook have not reached an agreement for a sum Northbrook might be willing to accept which would allow the Debtor's OUT Chicago-funded restructuring to proceed.

13. Just a day before the date (March 10, 2015) this Court had set for the Debtor to file a plan and disclosure statement, there was a significant event in the negotiations concerning the Debtor's estate.

14. On March 9, 2015, OUT Chicago notified the Debtor and Northbrook that it had executed an option agreement (the "Option Agreement") with Halsted and JAB whereby Out Chicago may exercise Halsted's and JAB's rights in the two properties, including the rights under the Wells Contract, the JAB Contract and in the State Court Litigation. A copy of the Permission Notice sent to the Debtor and Northbrook is attached hereto as Exhibit A.

15. Given the execution of the Option Agreement, the Debtor believes that, unless Northbrook and OUT Chicago were able to agree otherwise, the best interests of all creditors would be served by a dismissal of this chapter 11 case.

16. The Debtor believes that it is unlikely that a bankruptcy sale of the Property would attract outside bidders willing to bid a sum which would result in the Debtor's estate receiving net proceeds sufficient to pay Northbrook, the Junior Lienholders and other creditors in excess of what OUT Chicago is offering them. Moreover, a bankruptcy sale is not likely to yield any more than a sheriff's sale of the Property in the Foreclosure Action.

17. Northbrook's right to bid the Northbrook Obligations continues to be the same at a bankruptcy sale or at a sheriff's sale in the Foreclosure Action. Thus, Northbrook's rights will not be impacted by dismissal and neither it nor other creditors will continue to have to incur the costs of administration in a case under the Bankruptcy Code. Accordingly, it would appear that dismissal is in the best interests of the Debtor, its estate and all creditors.

**RELIEF REQUESTED**

18. Given the change in circumstances and the reasons set forth above, the Debtor originally intended to file a motion to dismiss before the March 11 status hearing set in this matter.

19. However, in fairness to Northbrook which has had only hours to digest this significant change in circumstances, by this motion, the Debtor seeks a short extension of its time to file a plan and disclosure statement, or to move this Court for such other relief as may be appropriate under the circumstances. The Debtor suggests a two week extension. If by that time there is not a resolution which would allow this chapter 11 case to move forward, it would be the Debtor's intention to file a motion to dismiss on notice to all creditors.

WHEREFORE, the Debtor respectfully requests that the Court enter an order extending its time to file a plan and disclosure statement in this case until March 24, 2015 and granting such other and further relief as this Court deems just and appropriate.

Dated:  March 10, 2015                    Respectfully Submitted,

                                       **BLACKAMG, L.L.C.,**


                                       By:___/s/ Brian M. Graham_____
                                              One of its Attorneys

Brian M. Graham (ARDC # 6243015)
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net