**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, L.L.C. | ) | Case Nos.    14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE THAT on May 19, 2015, at 10:30 a.m. or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer or any judge sitting in her stead in Room 615 of the Everett McKinley Dirksen Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the above-captioned Debtor's **MOTION TO DISMISS CHAPTER 11 CASE**, at which time and place you may appear if you so see fit.

Dated:  April 13, 2015            Respectfully Submitted,

                                          **BLACKAMG, L.L.C.,**


                                          By:____/s/ Brian M. Graham_____
                                                   One of its Attorneys

Brian M. Graham (ARDC # 6243015 )
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net

00641690v1

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on April 13, 2015 (A) he served the foregoing NOTICE OF MOTION along with the Debtor's MOTION TO DISMISS CHAPTER 11 CASE on the persons listed on the attached service list via electronic mail and through the Court's ECF notification system; and (B) he served the foregoing NOICE OF MOTION on all creditors and parties in interest via United States First Class Mail, postage prepaid.

                                      /s/ Brian M. Graham

                                    Brian M. Graham
                                    7634 Lakeside Drive
                                    Frankfort, IL 60423
                                    312-909-3322
                                    bmgrahampack@sbcglobal.net

## SERVICE LIST

Raymond J. Ostler,
Gomberg, Sharfman, Gold & Ostler, P.C.
208 South LaSalle Street, Suite 1410
Chicago, Illinois 60604
E-mail: rostler@gsgolaw.com

George J. Spathis
Horwood Marcus & Berk Chartered
500 West Madison, Suite 3700
Chicago IL 60661
E-mail: gspathis@hmblaw.com

Denise DeLaurent
Office of the United States Trustee
219 S. Dearborn Street
Chicago, Illinois 60604
E-mail: Denise.DeLaurent@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, LLC | ) | Case No.    14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**MOTION TO DISMISS CHAPTER 11 CASE**

BLACKAMG, L.L.C. ("BLACKAMG" or the "Debtor"), pursuant to 11 U.S.C. §1112(b), hereby moves this Court for the entry of an order dismissing the above-captioned chapter 11 case. In support of this Motion, the Debtor states as follows:

**JURISDICTION**

1.  The Debtor's case was commenced on September 8, 2014 (the "Petition Date") by the filing of voluntary chapter 11 petition by the Debtor pursuant to 11 U.S.C. §301 in this Court. This Court has jurisdiction over the Debtor's chapter 11 case, all of the Debtor's property, wherever located, and the subject matter of this motion. 28 U.S.C. §§157 and 1334.

2.  As a debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code, 11 U.S.C. §1107(a). No trustee, examiner or committee of unsecured creditors has been appointed to serve in the Debtor's chapter 11 case.

**BACKGROUND**

3.  The Debtor currently owns real estate located at 3339-41 N. Halsted, Chicago Illinois (the "Property"). The Property is a three story mixed use apartment building, containing two storefronts and four three-bedroom apartments. The storefronts and all apartment units are currently occupied. The Property is in good condition.

4. In its Schedule of Assets and Liabilities filed in this case, the Debtor estimated the market value of the Property at $3 million.

5. The Debtor has a lending relationship with Northbrook Loans, LLC ("Northbrook"), pursuant to which the Debtor owes Northbrook approximately $2.6 million (the "Northbrook Obligations"). As security for the Northbrook Obligations, Northbrook holds a mortgage on the Property.

6. The Property is also encumbered by several claims (collectively, the "Junior Lienholders") which may be subject to dispute, including: (a) a trust deed in favor of Rob Brumbaugh which secures an alleged indebtedness of approximately $250,000; (b) a mechanics lien in favor of HT Properties, Inc. in the approximate amount of amount of $120,000; (c) a mechanics lien in favor of Nuexteriors Concept, Inc. in the approximate amount of $15,300; (d) a mechanics lien in favor of Guz Construction Corp. in the approximate amount of $30,173; and (e) a judgment lien in favor of Minibar, Inc. ("Minibar")[1] in the approximate amount of $190,000.

7. On March 23, 2011, Northbrook filed a complaint to foreclose the mortgage on the Property in the Circuit Court of Cook County, case number 11 CH 11120, captioned *Northbrook Loans, LLC vs. BLACKAMG, L.L.C. et al*, (the "Foreclosure Action"). On or about June 8, 2011, Eric Janssen was appointed as receiver (the "Receiver") for the Property in the Foreclosure Action. The Foreclosure Action is currently pending and the Receiver is currently in possession of the Property. Pursuant to the cash collateral orders entered in this case, the Receiver has remained in possession of, and operated the Property during the pendency of this chapter 11 case.

---

[1] Minibar, a current tenant at the Property, and the Receiver (defined below) are currently in a dispute concerning the extension of Minibar's current lease which expires in September, 2015. This lease also is an issue with respect to the Property.

00641690v1    5

8. While the Foreclosure Action was pending, the Property became the subject of two real estate contracts. One (the "Wells Contract"), dated April 23, 2012, is between Northbrook and Halsted Investment Partners, LLC ("Halsted"), as assignee of Wells Street Companies, Inc. ("Wells") – that contract, in essence, obligates Northbrook to sell to Halsted both the Property and an adjacent parcel of real estate at 3335-37 North Halsted formerly owned by an affiliate of the Debtor (E55, LLC), but now owned by Northbrook pursuant to a foreclosure sale. The contract purchase price for both properties is $3.5 million, conditioned upon either Northbrook or Halsted being the successful bidder at the sheriff sale of the Property in the Foreclosure Action.

9. The other contract (the "JAB Contract"), dated April 29, 2013, is between the Debtor and Halsted as assignee of JAB Real Estate, Inc. ("JAB"). That contract originally provided for the sale of the Property to JAB for $2.55 million and certain other consideration (*i.e.*, dealing with the other encumbrances on the Property).

10. As of September, 2013, though it had obtained a judgment in the Foreclosure Action some time earlier, Northbrook had not caused the sheriff sale of the Property to go forward. As a result, Halsted commenced litigation against Northbrook seeking specific performance of the Wells Contract. That suit is currently pending in the Chancery Division of the Circuit Court of Cook County as Case No. 2013 CH 21556 (the "State Court Litigation").

11. The Debtor filed this chapter 11 case with the intent of restructuring its obligations, including the Northbrook Obligations, through an investment in the Debtor that it was negotiating prior to and after the Petition Date with OUT Chicago, LLC ("OUT Chicago"). The Debtor believes that such a restructuring was in the best interests of creditors and the Debtor's estate in that OUT Chicago was willing to invest a sum which would allow it all

creditors - including Northbrook, the Junior Lienholders and Halsted – to realize value far in excess of what they could hope to realize through the Foreclosure Action. The Debtor commenced this case in order to preserve the value of the Property and effectuate a restructuring through the OUT Chicago investment under the protection of the Bankruptcy Code.

12. Since the Petition Date, the parties have been in discussions concerning exactly how the OUT Chicago funded restructuring would work. In essence, OUT Chicago was willing to invest a sum which would allow Northbrook to receive in excess of $3.5 million for the two properties (which is all Northbrook could expect if it completes the foreclosure of the Property and had to honor the Wells Contract) and also to provide some sum which could be shared among the Junior Lienholders and Halsted in exchange for a compromise of their claims against the Property.

13. Toward that end, OUT Chicago has made substantial progress with its discussions with the Junior Lienholders and Halsted. However, as of this date, OUT Chicago and Northbrook have not reached an agreement for a sum Northbrook might be willing to accept which would allow the Debtor's OUT Chicago-funded restructuring to proceed.

14. On March 9, 2015, OUT Chicago notified the Debtor and Northbrook that it had executed an option agreement (the "Option Agreement") with Halsted and JAB whereby Out Chicago may exercise Halsted's and JAB's rights in the two properties, including the rights under the Wells Contract, the JAB Contract and in the State Court Litigation.

15. Given the execution of the Option Agreement, the Debtor believes that, unless Northbrook and OUT Chicago were able to agree otherwise, the best interests of all creditors would be served by a dismissal of this chapter 11 case.

16. Nevertheless, at a March 10, 2015 status hearing in this case, the parties agreed to ask the Court for a short period of time within which Northbrook and OUT Chicago could continue to discuss a possible agreement which could be part of a chapter 11 restructuring or sale. The Court gave the parties until April 1, 2015 to have those discussions and to report to the Court the progress of negotiations at an April 1 status hearing.

17. Significantly though, at the March 10 status hearing, Northbrook was not inclined to extend its previous agreement to allow the Debtor use of cash collateral to pay the administrative expenses of the case.

18. At the April 1 hearing, the parties reported that discussions that had taken place had not led to any agreement which would allow a restructuring of the Debtor's liabilities in this chapter 11 case. Accordingly, the Debtor files this Motion to dismiss its chapter 11 case.

## ARGUMENT

19. 11 U.S.C. §1112(b)(1) provides that, on request of a party in interest, after notice and hearing, absent unusual circumstances, the Court shall dismiss or convert to chapter 7 a chapter 11 case, whichever is in the best interests of creditors and the estate, if the movant establishes just cause.

20. 11 U.S.C. §1112(b)(4) sets forth a list of sixteen non-exclusive factors which may constitute cause to dismiss a chapter 11 case. *See, generally, Albany Partners, Ltd. V Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 674 (11th Cir. 1984) (citing H.R. Rep. No. 595, 95 Cong., 1st Sess. 406 (1977) ("The Court will be able to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases.")) Courts may use their equitable power to consider each individual case and should consider the totality of the circumstances in determining whether to grant a motion to dismiss. *See, e.g., In re Yukos Oil*

*Co.*, 321 B.R. 396, 400 (Bankr. SD TX 2005) (dismissing case for cause "using a 'totality of circumstances' approach which applies in all Chapter 11 cases.")

21. Here, based on the existence of cause under 11 U.S.C. §1112(b)(4)(A) and the totality of the circumstances relating to this chapter 11 case, the Debtor respectfully requests that this Court dismiss the Debtor's chapter 11 case.

22. Without OUT Chicago's commitment to fund a restructuring through a chapter 11 plan, the Debtor no longer believes it has a reasonable likelihood of rehabilitation in chapter 11. The Debtor believes that if OUT Chicago executes its rights under the Option Agreement outside of a bankruptcy proceeding and completes its acquisition of the Property and its deals with other claimants against the Property, all creditors will achieve value for their claims greater than they could hope to achieve in a bankruptcy sale.

23. The Debtor believes that it is unlikely that a bankruptcy sale of the Property (either in chapter 11 or chapter 7) would attract outside bidders willing to bid a sum which would result in the Debtor's estate receiving net proceeds sufficient to pay Northbrook, the Junior Lienholders and other creditors in excess of what OUT Chicago is offering them. Moreover, a bankruptcy sale is not likely to yield any more than a sheriff's sale of the Property in the Foreclosure Action, and a bankruptcy sale will include significant costs of administration which are not present in a sheriff's sale in state court.

24. Conversion of this case to chapter 7 will saddle a trustee with a no-asset case. Even if there are legitimate defenses to any of the claims against the Property, the administrative costs of asserting those defenses are unlikely to achieve a net result which would realize value for the estate and creditors. Moreover, even if Northbrook were to fund such administrative expenses, it would be allowed to add the sum it funds to its secured claim against the Property,

further diminishing any chance that other creditors might receive any value on account of their claims through a sale of the property.

25. Northbrook's right to bid the Northbrook Obligations continues to be the same at a bankruptcy sale or at a sheriff's sale in the Foreclosure Action. Thus, Northbrook's rights will not be impacted by dismissal and neither it nor other creditors will continue to have to incur the costs of administration in a case under the Bankruptcy Code. Accordingly, it would appear that dismissal is in the best interests of the Debtor, its estate and all creditors.

26. Accordingly, based on the foregoing, and the totality of the circumstances, the Debtor submits that cause exists to dismiss this case as dismissal is in the best interests of creditors and the Debtor's estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an order dismissing this chapter 11 case and granting such other and further relief as this Court deems just and appropriate.

Dated:  April 13, 2015                    Respectfully Submitted,

**BLACKAMG, L.L.C.,**

By:___/s/ Brian M. Graham_____
     One of its Attorneys

Brian M. Graham (ARDC # 6243015)
7634 Lakeside Drive
Frankfort, IL 60423
312-909-3322
bmgrahampack@sbcglobal.net