UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, L.L.C. | ) | Case No.    14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**OUT CHICAGO, LLC'S MEMORANDUM IN SUPPORT OF
DEBTOR'S MOTION TO DISMISS ITS CHAPTER 11 CASE**

OUT CHICAGO, LLC ("OUT") submits this memorandum in support of the motion to dismiss (then "Motion") filed by Debtor, BLACKAMG, L.L.C. ("Debtor"). In the interests of brevity and economy, OUT adopts the arguments raised by Debtor in its Motion, and seeks merely to supplement the background section to add detail regarding the events that led to the filing of the captioned bankruptcy case.

**ADDITIONAL BACKGROUND**

1.  Prior to the filing of this Petition, OUT approached Debtor, and in turn Debtor's lender, Northbrook Loans, LLC ("Northbrook") about purchasing two adjoining parcels of real property on which it desired to build a hotel. The first parcel, commonly referred to as 3335-37 North Halsted, had been owned by an Debtor's affiliate (the "First Property"). The First Property, however, is currently owned by Northbrook as a result of its foreclosure of the mortgage on that Property.

2.  The second parcel, commonly referred to as 3339-41 N. Halsted, Chicago Illinois, is owned by Debtor (the "Second Property"), but also in the process of foreclosure. Northbrook holds the mortgage on the Second Property. There are a number of additional liens of record on the Second Property.

3. In response to OUT's overture, Northbrook essentially stated that it could not sell the Properties to OUT because of its obligations under an existing contract dated April 23, 2012 (the "Contract") between Northbrook and Well Street Companies, a predecessor in interest to Halsted Investment Partners, LLC ("Halsted"). The terms of that Contract provide, in pertinent part, that in the event that either Northbrook or Halsted successfully acquires the Second Property, then Northbrook is obligated to sell both the First and Second Properties to Halsted for $3.5 million.

4. Although it had obtained a judgment in the foreclosure action, Northbrook had not caused the sheriff sale of the Second Property to go forward. This delay, in turn, caused Halsted to commence litigation against Northbrook seeking specific performance of the Contract. Citing its potential exposure in the pending litigation, Northbrook declined to have any meaningful discussions with OUT regarding the terms of a possible purchase of the subject Properties.

5. Based upon its continued interest in the Properties, OUT discussed with Debtor the possibility of filing a chapter 11 case with the intent of restructuring its obligations, thereby obviating the need for any sale of the Second Property. Instead, Northbrook (and other creditors) would be paid pursuant to a plan funded by OUT, pursuant to which all creditors with liens encumbering the Second Property would realize value far in excess of what they could hope to realize through the foreclosure process.

6. Toward that end, OUT engaged the creditors with liens on the Second Property to enlist their support, and went back to Northbrook to determine whether it would be willing to discuss a sale of the First Property to OUT in the context of an approved plan of reorganization.

Northbrook's response was, in substance—"if Debtor files a bankruptcy seeking to reorganize its obligations, *then* we can talk."

7.  Since the Petition Date, OUT worked with Debtor's counsel to develop various scenarios pursuant to which an OUT funded restructuring. Every scenario, however, turned on the question of would take to acquire the First Property from Northbrook if a plan was approved. And despite its prior suggestion to the contrary, Northbrook declined to engage in any discussions regarding price for a sale of the First Property. Simply stated, without an agreement as to price, OUT is unwilling to commit to funding the Debtor's restructuring.

8.  When it became apparent that reorganization would not be feasible, OUT began to negotiate directly with Halsted, and on or about March 9, 2015, the parties executed an option agreement (the "Option Agreement") pursuant to which OUT may acquire Halsted's various interests in, among other things, the Properties and the Contract.

9.  Significantly, OUT and Halsted provided Debtor and Northbrook formal written notice of the same (see Exhibit A), which notice expressly authorizes Northbrook to negotiate directly with OUT. Yet still, there were limited discussions and no progress toward a resolution that would allow a restructuring of the Debtor's liabilities in this chapter 11 case.

10. Accordingly, Debtor filed its Motion to dismiss its chapter 11 case. For the reasons stated in the Motion, OUT similarly believes that dismissal of the Chapter 11 case is in the best interests of creditors.

WHEREFORE, OUT respectfully requests that the Court enter an order granting Debtor's Motion, dismissing this chapter 11 case and granting such other and further relief as this Court deems just and appropriate.

Dated:  April 20, 2015                       Respectfully Submitted,

                                               **OUT CHICAGO, LLC**

                                   By: /s/ *George J. Spathis*
                                               One of its Attorneys

George J. Spathis (# 6204509)
HORWOOD MARCUS & BERK CHTD.
500 West Madison, Suite 3700
Chicago, Illinois 60661
312-606-3200
gspathis@hmblaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2014, I electronically filed the foregoing pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing to those participants registered with the ECF system including those listed below:

**14-32758 - Notice will be electronically mailed to:**

Denise A Delaurent on behalf of U.S. Trustee Patrick S Layng
USTPRegion11.es.ecf@usdoj.gov,
Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov

Michael J. Goldstein on behalf of Creditor Northbrook Loans, LLC
mjg@mjglaw.com

Brian M. Graham on behalf of Debtor BLACKAMG, L.L.C.
bmgrahampack@sbcglobal.net

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Raymond J Ostler on behalf of Creditor Northbrook Loans, LLC
rostler@gsgolaw.com

George J. Spathis on behalf of Creditor Out Chicago
gspathis@hmblaw.com, lvalenti@hmblaw.com,lmalone@hmblaw.com

A copy will be separately emailed to:

Glenn Kanter, Esq. (gkanter@bupdlaw.com)
Brown, Udell, Pomerantz & Delrahim, Ltd.
1332 North Halsted Street, Suite 100
Chicago, Illinois 60642

                                                  */s/ George J. Spathis*