## PERMISSION NOTICE

This will confirm that OUT Chicago, LLC ("OUT"), Halsted Investment Partners, LLC ("Halsted") and JAB Real Estate, Inc. ("JAB") are parties to a written Option Agreement (the "Agreement"). The terms are subject to confidentiality limitations, but the parties have agreed that the following may be disclosed:

1. Pursuant to the Agreement, Halsted and JAB have granted to OUT an exclusive irrevocable option (the "Option") to purchase their respective rights and interests in two parcels of improved real property commonly known as 3335-37 North Halsted St., Chicago, IL 60657 and 3339-41 North Halsted St., Chicago, IL 60657 (collectively the "Properties"), including but not limited to: (1) a Purchase and Sale Contract by and between Wells and Northbrook Loans, LLC ("Northbrook") dated April 23, 2012, as amended by letters dated May 14 and May 17, 2012, which contract and letters were recorded with the County Recorder of Deeds; (2) a lawsuit and claims asserted by Halsted versus Northbrook, currently pending in the Chancery Division of the Circuit Court of Cook County as Case No. 2013 CH 21556 (the "Litigation"); and (3) a Purchase and Sale Agreement by and between JAB and BlackAMG, LLC dated April 29, 2013.

2. OUT's cost to exercise the Option is $500,000.

3. During the Option Period, OUT shall have the right to negotiate with Northbrook for the purchase of the Properties, which negotiations shall not give rise to any claim for interference with any contracts or expectancies that Wells, Halsted and/or JAB may have or could assert. If the Option Period expires, the undersigned shall provide written notice thereof.

4. Upon exercise of the Option, OUT shall have the authority to prosecute, dismiss or compromise the claims asserted therein, and upon request, the undersigned shall execute a SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS in the form attached hereto as (or substantially similar to) Exhibit A.

**HALSTED INVESTMENT PARTNERS, LLC**

By: _[signature]_
Name: Arthur Holmer
Its: Authorized Signor

**JAB REAL ESTATE, INC.**

By: _[signature]_
Name: FRANK Campise
Its: Vice-President

# EXHIBIT A

## **SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS**

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS (this "Agreement") is made as of this ___ day of _____, 20__ by and between NORTHBROOK LOANS, LLC ("Northbrook"), on the one hand, and Wells Street Companies, Inc. ("Wells"), Halsted Investment Partners, LLC ("Halsted") and JAB Real Estate, Inc. ("JAB"), on the other hand.

WHEREAS, Northbrook owns real property commonly known as 3335-37 North Halsted St., Chicago, IL 60657 and is in the process of foreclosing on its mortgage on real property commonly known as 3339-41 North Halsted St., Chicago, IL 60657 currently owned by BlackAMG, LLC (collectively the "Properties");

WHEREAS, Wells and JAB have asserted respective rights and interests in the Properties, including a Purchase and Sale Contract by and between Wells and Northbrook dated April 23, 2012, as amended by letters dated May 14 and May 17, 2012, which contract and letters were recorded with the County Recorder of Deeds (collectively, the "Wells Contract") and a Purchase and Sale Agreement by and between JAB and BlackAMG, LLC dated April 29, 2013 (the "JAB Contract");

WHEREAS Wells entered into an Assignment and Assumption Agreement pursuant with Halsted pursuant to which Wells assigned its rights and interests under the Wells Contract to Halsted;

WHEREAS, Halsted filed a lawsuit against Northbrook, currently pending in the Chancery Division of the Circuit Court of Cook County as Case No. 2013 CH 21556 (the "Litigation"), in which Halsted seeks, among other things, to compel Northbrook's specific performance of the Wells Contract, as well as an award of attorneys' fees;

WHEREAS, the parties to this Agreement desire to avoid the expense of continued litigation and to settle and compromise on the terms set forth below any and all claims between and among them without admitting liability therefore;

NOW, THEREFORE, in consideration of the mutual promises and covenants made herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound by this Agreement, the parties stipulate and agree as follows:

1. JAB, Wells, Halsted and Northbrook hereby waive and release any rights or interests they have, may have, or could assert in the Wells Contract or JAB Contract.

2. Northbrook, on behalf of its itself and its current and former parent, subsidiaries, affiliates, members, managers, officers, employees, agents, attorneys, and their respective successors and assigns, does hereby waive, release, acquit and forever discharge JAB, Wells and Halsted, their respective current and former corporate parent, subsidiaries, affiliates, officers, directors, managers, shareholders, members, employees, agents and attorneys, and their respective predecessors, successors and assigns (including, but not limited to Arthur Holmer and Frank Campise), from any and all claims, demands, causes

of action, suits and/or obligations of any nature whatsoever, whether known or unknown, asserted or unasserted, accrued or unaccrued, direct or derivative, existing or contingent, foreseen or unforeseen, in law or in equity, including but not limited to, any claims that could have been brought as a counterclaim in the Lawsuit.

    3.    JAB, Wells and Halsted, for themselves and their respective current and former corporate parent, subsidiaries, affiliates, officers, directors, managers, shareholders, members, employees, agents and attorneys (including, but not limited to Arthur Holmer and Frank Campise), do hereby waive, release, acquit and forever discharge Northbrook, and its current and former parent, subsidiaries, affiliates, members, managers, officers, employees, agents, attorneys, and their respective successors and assigns, from any and all claims, demands, causes of action, suits and/or obligations of any nature whatsoever, whether known or unknown, asserted or unasserted, accrued or unaccrued, direct or derivative, existing or contingent, foreseen or unforeseen, in law or in equity, including but not limited to, any claims or causes of action brought or that could have been brought in the Lawsuit.

    4.    Halsted shall dismiss the Lawsuit, with prejudice, with each party bearing its own fees and costs.

    5.    This Agreement shall be construed and governed by the laws of the State of Illinois, constitutes the entire agreement of the Parties hereto as to the subject matter hereof. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, and legal representatives.

    6.    This Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement.

**NORTHBROOK LOANS, LLC**

By: _____
Name:_____
Its:_____

**WELLS STREET COMPANIES, INC.**

By: _____
Name:_____
Its:_____

**HALSTED INVESTMENT PARTNERS, LLC**

By: _____
Name:_____
Its:_____

**JAB REAL ESTATE, INC.**


By: _____
Name:_____
Its:_____