# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

NORTHBROOK LOANS, L.L.C.,   )
                            )
              Plaintiff,    )   Case No. 11 CH 11120
                            )
vs.                         )
                            )   Property Address:
BLACKAMG, L.L.C., an Illinois limited      )   3339-3341 N. Halsted St.,
liability company, E55, L.L.C., an Illinois )   Chicago, Illinois
limited liability company, MINI BAR, INC., )
KEVIN JACKSON, UNKNOWN OWNERS   )   Calendar 64
and NON-RECORD CLAIMANTS,   )
                            )
              Defendants.   )

## JUDGMENT OF FORECLOSURE AND SALE

THIS CAUSE HAVING BEEN HEARD by the Court upon the pleadings and affidavits filed herewith, the Court finds:

1. That it has jurisdiction of the parties to and the subject matter of this suit.

2. That all of the material allegations in the Complaint herein are true and proved.

3. That the equities of this cause are with the plaintiff.

4. That the following named defendants were personally served with summons on the date following their name. Any defendant served by publication has been served by publication on the three dates following their name.

    BlackAMG, L.L.C.                              - Served 04/27/2011
    E55, L.L.C.                                   - Served 04/27/2011
    Mini Bar, Inc.                                - Served 04/13/2011
    Kevin Jackson                                 - Served 10/23/2011
    Unknown Owners and Non-Record Claimants       - Published 03/31/2011;
                                                    04/07/2011 and 04/14/2011.

Intervenor, HT Properties, Inc., was allowed to intervene in this case by order entered May 30, 2012.

5. That the time for said defendants to file their answers or otherwise plead to the Complaint or to move in regard to said Complaint has now expired and that the following defendants are in default for failure to enter their respective appearances or

pleading to the Complaint, and the Complaint thereby was taken, and is hereby again taken, as confessed against the following Defendants:

>Unknown Owners and Non-Record Claimants

6. That the following defendants have answered, but said Answers raise no issue of material fact and summary judgment is entered against the following defendants:

>BlackAMG, L.L.C., an Illinois limited liability company
>E55, L.L.C., an Illinois limited liability company
>Mini Bar, Inc.
>Kevin Jackson

7. That Mini Bar, Inc. has, by agreement of the parties, been dismissed as a party defendant and as a counterclaimant.

8. That Intervenor, HT Properties, Inc., has filed a counterclaim to foreclose a mechanic's lien. The issue of priority between the mechanic lien of HT Properties, Inc. and the plaintiff's mortgage lien is reserved.

9. That the Mortgage designated in the Complaint and hereby foreclosed by this Judgment appears of record in the office of the Recorder of Deeds in Cook County, Illinois as Document No. 0527835039, recorded on October 5, 2005, and the Modification was recorded in the Office of the Recorder of Deeds in Cook County, Ilinois as Document No. 101144055, recorded on January 11, 2010, and the property which is the subject of said mortgage and directed to be sold is described as follows:

>THE NORTH 38 FEET OF LOTS 8, 9 AND 10, TAKEN AS A TRACT, IN W.J. HAERTHER'S NORTH SHORE ADDITION IN PINE GROVE, A SUBDIVISION OF FRACTIONAL SECTION 21, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, MAP OF WHICH ADDITION WAS RECORDED SEPTMEBER 22, 1892 IN BOOK 56 OF PLATS, PAGE 32, IN COOK COUNTY, ILLINOIS.
>Commonly known as 3339-3341 North Halsted Street, Chicago, Illinois
>
>PIN: 14-21-308-070-0000   (hereinafter, the "Mortgaged Real Estate")

10. That under the provisions of the Mortgage being foreclosed herein, the cost of the foreclosure suit, including the plaintiff's reasonable attorney's fees, is an additional indebtedness for which the Plaintiff should be reimbursed and that such expenses are hereby allowed the Plaintiff.

11. That the Mortgage being foreclosed herein is a valid and subsisting lien against the Mortgaged Real Estate, and said mortgage lien is superior to the lien of any and all parties hereto, except as otherwise provided in this judgment, for the sums of the total amounts stated below, with interest as stated, and for the fees, costs and commission on sale.

**Loan No. 1890000254**

| | |
|---|---|
| Principal Balance: | $120,000.00 |
| Interest: | 23,013.33 |
| Late Charges: | 1,146.48 |
| Total: | $144,159.81 |

Interest is accruing at $36.67 per diem.

**Loan No. 1701000369**

| | |
|---|---|
| Principal Balance: | $1,885,500.00 |
| Interest: | 344,440.75 |
| Late Charges: | 115,717.34 |
| Total: | $2,345,658.09 |

Interest is accruing at $576.13 per diem.

**Loan No. 1701000351**

| | |
|---|---|
| Principal Balance: | $1,982,255.56 |
| Interest: | 362,053.17 |
| Late Charges: | 121,655.40 |
| Total: | $2,465,964.13 |

Interest is accruing at $605.69 per diem.

| | |
|---|---|
| Clerk of Court: | $349.00 |
| Sheriff of Cook County: | 360.00 |
| Special Process Server: | 75.00 |
| Secretary of State: | 225.00 |
| Recorder of Deeds: | 98.00 |
| Fidelity Title Insurance Company: | 425.00 |
| Publication Costs: | 350.00 |
| Attorney's Fees | 11,112.50 |
| Total: | $12,994.50 |

| | |
|---|---|
| Title Charge: | $250.00 |
| Loan Servicing Fees: | 6,687.54 |
| Operating Expenses to Receiver: | 64,168.29 |
| Total: | $71,105.83 |

**TOTAL:** $5,039,882.36

12. The lien rights of the plaintiff and the right, title, interest, claim or lien any and all parties of this foreclosure and all non-record claimants shall be terminated upon the confirmation of the judicial sale held pursuant to this Judgment.

12. The Court finds said mortgaged real estate is non-residential within the meaning of the Illinois Mortgage Foreclosure Law and that the mortgagor, BlackAMG, L.L.C., an Illinois limited liability company, was served with process on April 27, 2011, and that the period of redemption is waived by the terms of the subject mortgage, and therefore the period of redemption shall expire upon entry of the judgment.

IT IS THEREFORE ORDERED:

I. IT IS ADJUDGED that the owners of the equity of redemption were served with summons as shown in paragraph four (4) above.

II. That unless, within time allowed by law, the defendant(s) pay to the plaintiff the amounts set forth in paragraph eight (8) of this judgment, with the mortgage rate of interest thereon, except for interest on attorneys' fees, or if the premises are not redeemed within the time allowed by law as prescribed by Sections 735 ILCS 5/15-

1603(4), the Mortgaged Real Estate, together with all improvements, fixtures, appurtenances thereto, or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest, shall be sold at public auction to the highest bidder for cash by the Sale Officer appointed, viz: Judicial Sales Corporation, 1 South Wacker Drive, 24th Floor, Chicago, Illinois 60606, at a time and place to be selected by the Sale Officer.

    III.    That the Sale Officer is appointed to execute this judgment and shall give public notice of the time, place, and terms of such sale by publishing same once in each week for three consecutive calendar weeks (Sunday through Saturday), the first such notice to be published not more than forty-five (45) days prior to the sale and the last notice to be published note less than seven (7) days prior to the sale; that said notice shall be by an advertisement in a newspaper circulated to the general public in the County in which the real estate is located, in the section where legal notices are commonly placed and by a separate advertisement in the section of such newspaper (except in counties with a population in excess of 3,000,000), which may be in the same newspaper, in the section where real estate, other than real estate being sold as part of legal proceedings, is commonly advertised to the public. Provided, however, that were said newspaper does not have separate legal and real estate sections, a single advertisement shall be sufficient.

    IV.    That said sale may be adjourned at the discretion of the party conducting it provided, however, that if the adjourned sale date is to occur less than sixty (60) days after the last scheduled sale, notice need not be given.

    V.    The plaintiff, or any of the parties herein, may become the purchaser at such sale; that if plaintiff is the successful bidder at said Sale, the amount due the plaintiff, plus all costs, advances and fees hereunder, plus any additional costs, advances and fees allowed by law, shall be taken as a credit on its bid.

VI. That said Sale Officer upon making such sale, shall immediately execute and deliver to the purchaser a Receipt of Sale and, with all convenient speed, file a Report of Sale and Distribution with the Court for its approval and confirmation; that said Sale Officer shall include in the report of sale a breakdown of the distribution of the sale proceeds and attach a copy of the Receipt of Sale; that out of the proceeds of sale, distribution shall be made in the following order of priority:

(a) The Sale Officer for his disbursements and commissions;

(b) To the Plaintiff or its attorney, the amounts set forth in paragraph 8, together with interest thereon at the statutory judgment rate from the date of judgment, through the date of the Sale; together with the amounts of other expenses including attorney's fees authorized by the Court which the plaintiff reasonably incurs between the date of entry of this Judgment and the date of sale or redemption, plus any additional costs and sale;

VII. That, if after payment of the above items there shall be a remainder, said Sale Officer shall hold this surplus subject to the further order of this Court; that, if there are insufficient funds to pay in full the amounts found due herein, the Sale Officer shall specify the amount of this deficiency in the Report of Sale.

VIII. That, upon payment in full of the bid amount, the party conducting the sale shall issue in duplicate a Certificate of Sale in recordable form describing the real estate purchased and the amount paid therefore and this certificate shall be freely assignable; upon confirmation of sale and upon payment of the purchase price and any amounts required to be paid by the purchaser at sale, the party conducting said sale shall, upon the request of the holder of the Certificate of Sale, or the purchaser if no Certificate of Sale was issued, execute and deliver to the holder or purchaser a deed sufficient to convey title; that said conveyance shall be an entire bar to all claims of the parties to the

foreclosure and all persons claiming thereunder and all claims of Unknown Owners and any Non-Record Claimants.

IX.    That the parties hereto who shall be in possession of said premises, or any part thereof, or any person who may have come into such possession under them, or any of them, since the commencement of this suit, shall, as of the date thirty (30) days after the Confirmation of Sale, surrender possession of said premises to the purchaser, his representative or assigns; that the order confirming said sale shall so provide.

X.    That the Court hereby retains authority during the entire pendency of the foreclosure and until disposition of all matters arising out of the foreclosure.

XI.    That the plaintiff's counsel of record shall within seven (7) days from the entry of the Order of Default and this Judgment of Foreclosure and Sale, mail copies of it to all defendants at their last known addresses.

Dated:    ENTERED
Judge Robert Senechalle-1915
NOV 28 2012
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

ENTER: _____
JUDGE

Michael J. Goldstein
Michael J. Goldstein & Associates, Ltd.
Attorney for Plaintiff
17 North State Street, Suite 990
Chicago, Illinois 60602
Telephone: (312) 346-0945
Attorney No. 20137
Email: mjg@mjglaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| NORTHBROOK LOANS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | Case No. 11 CH 11120 |
| ) | |
| vs. ) | |
| ) | Property Address: |
| BLACKAMG, L.L.C., an Illinois limited liability ) | 3339-3341 N. Halsted St., |
| company, E55, L.L.C., an Illinois limited ) | Chicago, Illinois |
| liability company, MINI BAR, INC., KEVIN ) | |
| JACKSON, UNKNOWN OWNERS and ) | Calendar 64 |
| NON-RECORD CLAIMANTS, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DEFAULT

THIS CAUSE COMING ON TO BE HEARD on the motion of the plaintiff for entry of an order of default against non-appearing or non-answering defendants; due notice having been given and the Court having been fully advised on the premises:

IT IS HEREBY FINDS THAT the defendants, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, have failed to appear.

IT IS THEREFORE ORDERED that the defendants, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, are in default and plaintiff's complaint to foreclose mortgage in the within cause is confessed against them.

ENTER:

/s/ Judge

ENTERED
Judge Robert Senechalle-1915
NOV 28 2012
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

THIS ORDER PREPARED BY:
Michael J. Goldstein
Michael J. Goldstein & Associates, Ltd.
Attorney for Plaintiff
17 North State Street, Suite 990
Chicago, Illinois 60602
Telephone: (312) 346-0945
Attorney No. 20137

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| NORTHBROOK LOANS, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> BLACKAMG, L.L.C., an Illinois limited liability company, E55, L.L.C., an Illinois limited liability company, MINI BAR, INC., KEVIN JACKSON, UNKNOWN OWNERS and NON-RECORD CLAIMANTS, <br><br> Defendants. | Case No. 11 CH 11120 <br><br> Property Address: <br> 3339-3341 N. Halsted St., <br> Chicago, Illinois <br><br> Calendar 64 |

### ORDER

THIS CAUSE COMING ON TO BE HEARD on the motion of the plaintiff for an order dismissing Mini Bar, Inc. as a party to this litigation, due notice having been given and the Court having been fully advised on the premises:

IT IS HEREBY ORDERED that the defendant, Mini Bar, Inc, is dismissed as a party to this litigation.

ENTER:

_____
Judge



ENTERED
Judge Robert Senechalle-1915
NOV 28 2012
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

THIS ORDER PREPARED BY:
Michael J. Goldstein
Michael J. Goldstein & Associates, Ltd.
Attorney for Plaintiff
17 North State Street, Suite 990
Chicago, Illinois 60602
Telephone: (312) 346-0945
Email: mjg@mjglaw.com
Attorney No. 20137