# EXHIBIT E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

HALSTED INVESTMENT PARTNERS, LLC )
An limited liability company,           )
                                        )   No. 13 CH 21556
                          Plaintiff,    )
                                        )
vs.                                     )   Calendar 11
                                        )
NORTHBROOK LOANS, L.L.C.,               )
                                        )
                          Defendants.   )

## MOTION OF NORTHBROOK LOANS, LLC. TO DISMISS AND MEMORANUM IN SUPPORT OF THE MOTION

Defendant, NORTHBROOK LOANS, LLC ("Northbrook"), by and through its attorneys, MICHAEL J. GOLDSTEIN & ASSOCIATES, LTD., moves this Honorable Court pursuant to §2-619(9) of the Code of Civil Procedure (735 ILCS 5/2-219(9)) to dismiss the Complaint for Specific Performance of the plaintiff, HALSTED INVESTMENT PARTNERS, LLC. ("Halsted"), because the Complaint asks this Court to pass judgment on judicial proceedings pending before another judge of this Circuit.

Alternatively, Northbrook Loans moves pursuant to §2-615 of the Code of Civil Procedure (735 ILCS 2-615) to dismiss the Complaint for failure to state a claim. As will be shown, Northbrook's performance as contract seller is not definite and unequivocal, as required for application of the remedy of specific performance. Further, Halsted's complaint consists of nothing more than a series of conclusions, none of which are supported by facts.

A copy of Halsted's complaint is submitted with this Motion.

In further support of this motion, Northbrook states as follows:

## INTRODUCTION

1. Halsted seeks specific performance and other relief from Northbrook. Specifically, Halsted alleges Wells Street Companies ("WSC") entered into a contract, as buyer, with Northbrook, as seller, to purchase two commercial buildings that are commonly known as 3335-3337 N. Halsted, Chicago, Illinois (identified in the Complaint as Parcel 1) and 3339-41 N. Halsted, Chicago, Illinois (identified in the Complaint as Parcel 2); that Halsted is the assignee of the contract rights of WSC, as buyer; and that Northbrook has without good reason failed and refused to consummate the transaction. A copy of the contract and the two attorney letters that modify the contract, are attached to the Complaint.

2. The contract, as modified by the attorney letters, expressly acknowledges that Northbrook "does not yet have title to the 3339-41 North Halsted Chicago, Illinois building" and that "[t]he contract is contingent upon [Northbrook] acquiring title to said real estate and simultaneously closing on both properties."

3. The Complaint acknowledges at paragraph 3 that Northbrook is "the note holder," and at paragraph 10 that Northbrook will attempt to acquire title to 3339-41 North Halsted "through the foreclosure process."

4. The contract recognizes that the 3339-41 North Halsted property is the subject of pending foreclosure proceedings, although the proceedings are not specifically identified, e.g: "Seller agrees to give Buyer written notice of the date of the Sheriff's sale for 3339-41 North Halsted, Chicago, Illinois."

5. The contract, as modified by the attorney letters, further states that "in the event that both the Seller and Buyer fail to acquire title to the 3339-41 North Halsted property, the contract shall be null and void ***."

6. The 3339-41 North Halsted property is the subject of foreclosure proceedings pending in the Circuit Court of Cook County as Docket No.11 CH 11120, entitled Northbrook Loans, LLC., plaintiff vs. BlackAMG, et al., defendants (the "Pending Foreclosure Case"). As evidenced by the copy of the Circuit Court of Cook County docket, attached hereto as Exhibit "A", Northbrook, as mortgagee, has not yet obtained title to 3339-41 North Halsted, Chicago, Illinois. Indeed, as of the date this Motion is filed, no judgment has been entered and there is a counterclaim to foreclose a mechanics lien pending.

### Motion to Dismiss Pursuant to §2-619(9)

7. The essence of Halsted's claim is that the proceedings in the Pending Foreclosure Case are not moving at a fast enough pace. Any evaluation of that contention necessarily requires this Court to pass judgment on a judicial proceeding that is assigned to, and remains pending before, another judge of this judicial circuit. Northbrook submits that submitting the Pending Foreclosure Case to this Court's scrutiny and asking this Court to second-guess the rulings and conduct of the parties and the judiciary in that case is against judicial policy and for that reason alone, Halsted's complaint must be dismissed.

### Motion to Dismiss Pursuant to §2-615

**Northbrook's contractual duty is not definite and unequivocal**

8. As explained in Dixon v. The City of Monticello, 223 Ill. App.3d, 549 (1991):

> "In order to be entitled to specific performance, plaintiff must allege and prove the following elements: (1) the existence of a valid, binding, and enforceable contract; (2) plaintiff has complied with the terms of his contract or is ready, willing, and able to perform his part of the contract; and (3) defendant failed or refused to perform his part of the contract." Id. at 561.

3 | Page

9. Moreover, Illinois courts have been uniform in holding that specific performance should only be granted in circumstances where the terms of the contract are certain and unambiguous. See, Cefalu v. Breznik, 15 Ill.2d 168, 170 (1958) ("Where there is ambiguity, doubt, or uncertainty with respect to its terms, equitable enforcement by specific performance will be denied. It is not sufficient, as a basis for such relief, to show the existence of an agreement of some kind between the parties."); McCormick Road Associates v. Taub, 276 Ill. App.3d. 780, 783 (1995) ("Before granting specific performance, a trial court must determine that the terms of the subject contract are clear, definite and *unequivocal*. Where a party seeks specific performance of a contract, the law requires a greater deal of specificity than is demanded for other purposes.") (emphasis supplied)

10. The contract contemplates and expressly acknowledges that Northbrook's mortgage on the 3339-41 North Halsted property will be foreclosed and the property offered for judicial sale in the Pending Foreclosure Case. At the time the contract was made there was, and there presently remains, no certainty that the mortgagor/debtor will not redeem, or that either Northbrook or Halsted will be the successful bidder if and when a judicial sale is ordered; judicial sales are, of course, open to public bidding (735 ILCS 5/15-1507).

11. Halsted's complaint therefore fails to state a cause of action for the equitable relief of specific performance, because as admitted in the Complaint, Northbrook's obligation to perform is not definite and unequivocal; it is wholly speculative as it is predicated on events the outcome of which cannot be predicted. **The Complaint is devoid of necessary facts to support its many conclusions.**

12. In determining whether a complaint passes muster, this Court must take all well-pleaded allegations as true, but as explained in Tru-Link Fence Company v.

Ruben H. Donnelley Corporation, 104 Ill. App.3d. 745 (1982), conclusions unsupported by a factual basis should not be considered;

> "On motion to dismiss we accept as true all well-pleaded facts [citation]. We do not, however, accept as true 'conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest." Id. at 748.

13. Further, the right to specific performance must be established by "clear and convincing" proof. Wolford v. James E. Kolls Inv. Co., Inc., 61 Ill.App.3d 405, 408, (1978) ("[T]he evidence necessary to support a decree for specific performance must be clear, explicit and convincing.") That right is not absolute, but rests within the sound discretion of the court. Heller v. McGuin, 261 Ill. 588, 593 (1914); see also, Fitzpatrick v. Allied Contracting Co., 24 Ill.2d 448, 455, (1962) (surrounding facts and circumstances of each case guide discretion).

14. Halsted's complaint alleges that Northbrook has failed in its contractual obligation to consummate the transaction, but the Complaint is completely devoid of any particulars, that if true would establish clear and convincing evidence of unreasonable delay in performance on the part of Northbrook, let alone intentional conduct.

15. At Complaint paragraph 11, Halsted alleges that "Defendant has breached the contract by failing to perform Defendant's obligations, including its implied good faith obligation to use all reasonable efforts to obtain Parcel 1 and Parcel 2 through the foreclosure process." This allegation is a conclusion. Halsted does not specify what steps Northbrook should have taken, but has failed to take, to facilitate the consummation of the transaction; simply stated, Halsted's conclusions are not backed up by any facts.

16. At Complaint paragraph 12, Halsted alleges that it "and its predecessor in interest have performed and satisfied all obligations and acts required to be performed

by it in furtherance of purchasing Parcel 1 and Parcel 2, except those that Defendant's actions prevented Plaintiff from performing." But exactly what "obligations or acts" have been performed by Halsted, or what "obligations or acts" it could not do because of Northbrook's alleged "actions" are not specified. A party seeking specific performance of a contract must show he has himself always been ready, willing and able to perform the contract on his part ***. Wolford., id., at 409. Halsted has failed to fulfill this pleading obligation.

17. Nor is any attempt made by Halsted to detail the alleged "actions" on the part of Northbrook which supposedly have impeded Halsted's performance.

18. At Complaint paragraph 14, Halsted alleges that Northbrook has "refused to advance the foreclosure actions***." Again, no facts are given which would support this conclusion.

19. At Complaint paragraph 16, Halsted alleges that Northbrook "has refused to do those other acts required of it in furtherance of foreclosure ***." What constitutes "other acts" is nowhere explained.

20. At Complaint paragraph 19, Halsted alleges that the "property is uniquely suited to Plaintiff's needs and purposes." Those "need and purposes" are neither explained or disclosed.

21. At Complaint paragraph 21, Halsted alleges that "Defendant's conduct has been willful and vexatious, and engaged in with the affirmative intention of breaching the contract." Again, these statements are mere conclusions that are unsupported by any factual allegations.

**The Complaint fails to plead facts which meet the criteria for a claim of willful and vexatious delay**

22. Assuming, *arguendo,* that a claim of willful and vexatious delay is viable in the context of a complaint seeking specific performance, the criterion that has been employed by the courts in determining what must be plead in prejudgment interest and/or bad faith insurance claims provides guidance.

23. Thus, in Tobolt v. Allstate Insurance Co., 75 Ill.App.3d 57, 71 (1979), a bad faith insurance claim, the reviewing court observed that "[a] cause of action for vexatious and unreasonable delay must allege facts showing conduct *** which is " 'willful, wanton, malicious, reckless, intentional or in bad faith * * *.'" And in Kespohl v. Northern Trust Co.,131 Ill.App.2d 188, 191 (1970), where prejudgment interest was sought, the reviewing court observed that "[i]t has been consistently held that in order to collect interest on a theory of unreasonable and vexatious delay, the evidence must show that the debtor had thrown obstacles in the way of collection or by some circumvention or management of his own had induced the creditor to delay taking proceedings to collect the debt longer than he would have otherwise done."

24. In addition, where litigation is the cause of the delay, "the petitioner must establish contrivance on the part of the litigant which approximates actual fraud," Kespohl., id. ("While it is true that due to the tenacious defense interposed by the respondent, the petitioner has been compelled to litigate his claim continually for more than five years, we cannot conclude on the basis of the record before us that the respondent's conduct was fraudulent or approximated fraud.").

7 | Page

25. Applying the standard imposed by the case law, Halsted's Complaint clearly fails to allege facts which if true would establish that Northbrook is guilty of willful and vexatious conduct.

FOR ALL FOREGOING REASONS, defendant, NORTHBROOK LOANS, L.L.C., respectfully requests this Motion be granted.

Respectfully Submitted,

NORTHBROOK LOANS, LLC

By: _____
One of Its Attorneys

Michael J. Goldstein
Michael J. Goldstein & Associates, Ltd.
Attorney for Plaintiff
17 North State Street, Suite 990
Chicago, Illinois 60602
Telephone: (312) 346-0945
Email: mjg@mjglaw.com
Attorney No. 20137

(Rev. 6/11/01) CCCH 0278 B

STATE OF ILLINOIS,  } ss:
County of Cook

I, Dorothy Brown, Clerk of the Circuit Court of Cook County, in and for the State of Illinois and the keeper of the records, files and seals thereof, do hereby certify the above and foregoing to be true, perfect and complete copy of a certain __11CH 11120 Chancery Electronic Docket Page 1 and 67__

filed in my office on __3, 23, 2011__ a certain cause

_____ pending in said Court on the _____ side thereof, wherein

__by Northbrook Loans__ plaintiff

and __Blackmag__ defendant.

In Witness Whereof, I have hereunto set my hand, and affixed the seal of said Court, at Chicago,

I hereby certify that the document to which this certification is affixed is a true copy.
DOROTHY BROWN  DEC 0 [ ] 20[ ]
Date _____
Dorothy Brown
Clerk of the Circuit Court
of Cook County, IL

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT A

```
KHKT   CC00D889              CHANCERY ELECTRONIC DOCKET              DATE: 12/04/2013

STATUS: PENDING        APPEAL:

11-CH-11120  64 NORTHBROOK LOANS          -V- BLACKAMG               03/23/11
                                          -V- MINI BANK INC          03/23/11
                                          -V- JACKSON      KEVIN     03/23/11
                                          -V- UNKNOWN OWNERS         03/23/11
                                          -V- NONRECORD CLAIMANTS    03/23/11
                                          -V- MINI BANK INC          03/23/11
                                          -V- JANSSEN      ERIC      07/20/12
                                          -V- HT PROPERTIES INC      05/03/12


03/23/11 NORTHBROOK LOANS                                  $337.00    I01000001
COMMERCIAL, MIXED COMMERCIAL/RESIDENTIAL OR INDUSTRIAL - FILED
20137 GOLDSTEIN MICHAEL J      17 N STATE ST 990   CHICAGO      60602 346-0945

03/23/11 NORTHBROOK LOANS                                             I01000001
AFFIDAVIT FOR SERVICE BY PUBLICATION FILED
20137 GOLDSTEIN MICHAEL J      17 N STATE ST 990   CHICAGO      60602 346-0945


PAGE NO: ____    ACT DATE: _____      PF3=MENU   PF7=BACK   PF8=FWD   CLEAR=EXIT
PAGE     1 OF  67 FOR CASE 11-CH-11120            PF9 = APPEAL DETAILS
```

```
KHKT   CC00D889              CHANCERY ELECTRONIC DOCKET              DATE: 12/04/2013

11/21/13 NORTHBROOK LOANS            RUTTENBERG, MARVIN H.              I01000120
CONTINUANCE - ALLOWED -                                                 2:00 02/07/14

11/21/13 NORTHBROOK LOANS            RUTTENBERG, MARVIN H.              I01000120
FILE AMENDMENT OR ADDITIONAL OR AMENDED PLEADINGS - ALLOWED -

11/21/13 NORTHBROOK LOANS            RUTTENBERG, MARVIN H.              I01000120
ORDER TO APPROVE RECEIVER/COMMISSIONERS REPORT - ALLOWED

                    *** END OF DATA FOR 11-CH-11120  ***




PAGE NO:          ACT DATE:            PF3=MENU    PF7=BACK   PF8=FWD   CLEAR=EXIT
PAGE    67 OF   67 FOR CASE 11-CH-11120              PF9 = APPEAL DETAILS
```