**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No.  14-32758 |
| BLACKAMG, LLC | : | Judge:    Janet S. Baer |
| | : | |
| Debtor. | : | |

**RESPONSE OF NORTHBROOK LOANS, LLC IN OPPOSITION TO**
**DEBTOR'S MOTION TO DISMISS**

Now Comes, Northbrook Loans, LLC, hereinafter "Lender", secured creditor of Blackamg, LLC, hereinafter "Debtor", and Objects to the Dismissal of Debtor's Chapter 11 case, and in support thereof alleges:

**I.      CONVERSION IS IN THE BEST INTERESTS OF CREDITORS**

1.      The best interests of the creditors of Blackamg, LLC require that this case be converted and not dismissed.  If dismissed the parties will return to state court and their foreclosure remedies.  The foreclosure will eliminate any possible recovery for Blackamg, LLC creditors except HT Properties, Inc., and Northbrook Loans, creditors that favor conversion not dismissal.  Alternatively, as shown below, if the case is converted the potential recovery to other creditors could be $345,473 less costs of administration.  This represents a substantial and significant benefit to creditors which is unavailable if this case is dismissed.  This benefit to creditors mandates a conversion and not dismissal of this case.

2.      A Bankruptcy Court has the power to convert Chapter 11 debtor's case *sua sponte* when a party in interest has moved only for dismissal.  *In re Klenosky*, 130 B.R. 132 (E.D. N.Y. 1991).  This Court has wide discretion to make appropriate disposition of this case under 11

U.S.C.A. § 1112(b).   The Court is required to consider alternatives to dismissing debtor's Chapter 11 petition and alternatives must be viewed from the vantage point of what is in best interest of creditors.  *In re The Ledges Apartments*, 58 B.R. 84 (Bankr. D. Vt. 1986); *Great American Pyramid,* 144 B.R. 780 at 793 (Bank WD Tenn. 1992).

3.        "The decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest." *Willis v. Rice (In re Willis),* 345 B.R. 647, (8th Cir. BAP 2006) (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. at 380 (1977), 1978 U.S.C.C.A.N. 5963; S.Rep. No. 989, 95th Cong.2d Sess. at 94 (1978), 1978 U.S.C.C.A.N. 5787).  *In re Modern Metal Products Co.*, 422 B.R. 118, 124 (Bankr. N.D. Ill. 2009). Specifically, the court must consider whether conversion or dismissal of the estate would best maximize the estate's value, especially here where the estate consists of a "single asset".

4.        Dismissal of this case effectively reinstitutes the state court foreclosure proceeding.  This is the very process that bankruptcy was intended to prevent so that the Debtor could maximize the value of the sole asset.  The return to foreclosure diminishes, if not eliminates, the prospects for an equitable distribution of a debtor's assets among all similarly situated creditors. Conversion, on the other hand, preserves the possibility of an equitable distribution of the debtor's assets.

5.        When deciding whether it is in best interest of creditors and estate to convert, or to dismiss, Chapter 11 case, this Court must consider the impact of each alternative by comparing the rights that creditors would have in Chapter 7 case with rights that they would have under state law upon dismissal. *In re V Companies,* 274 B.R. 721, 39 Bankr. Ct. Dec. (CRR) 85 (Bankr. N.D. Ohio 2002).  This is where Debtor's Motion to Dismiss and the supporting

Memoranda fall short.  There is no meaningful discussion of what is in the best interests of all the creditors.

## II.    **BACKGROUND**

6.      On October 5, 2005 Blackamg, LLC executed a Note in favor of Diamond Bank, FSB in the original amount $1,885,000.  This loan was secured by the real estate commonly known as 3339-3341 N. Halsted, Chicago, Illinois ("Property").  The Property consists of a 3-story brick mixed-use apartment/restaurant building with 2 basements and a parking pad in the rear for 4 cars. The ground floor consists of two restaurant spaces and the upper floors consist of four 3-bedroom, 2-bathroom apartments. The Property was built in the 1920's, and was rehabbed starting in 2009.  The parties all agree that the Property is not subject to deterioration and is in good to excellent condition.  See Debtor Motion, Dkt. 48, par. 7.

7.      Northbrook Loans, LLC ("Northbrook Loans") succeeded to the rights of Diamond Bank, FSB by way of assignment recorded on March 20, 2011 as Document No. 1106929044.  On March 23, 2011 Northbrook Loans commenced foreclosure in *Northbrook Loans, LLC v Blackamg, LLC et al.*, Case No. 2011 CH 11120.  Notice of this foreclosure proceeding was recorded in the Office of the Recorder of Deeds of Cook County on the same date as Doc. No. 1108244082.  A state court receiver has been in place since June 8, 2011.  The Property is occupied and rented under the Receiver's control.  There is  no risk of diminution of value to the bankruptcy estate.

8.      A Judgment of Foreclosure was entered on November 28, 2012.  This judgment adjudicated that Northbrook Loans has a valid and prior lien against the Property, except as to the priority of a mechanic lien in favor of HT Properties, Inc. No foreclosure sale has been set pending the resolution of the HT Properties $121,000 lien claim.

{00207578}                                    3

9.      Debtor filed its Chapter 11 Bankruptcy case on September 8, 2014.  Without filing a Plan, Debtor has now filed a Motion to Dismiss.  Because it is not in the best interests of creditors to dismiss this case, it should be converted to Chapter 7 and a Trustee appointed to administer the liquidation of the sole asset in the estate.

## III.    BEST INTEREST OF CREDITORS TEST

10.     In determining whether the case should be converted, as opposed to dismissed, this Court must  compare the treatment of creditors inside and outside of bankruptcy and consider whether a conversion of the case to Chapter 7 and its attendant administrative expenses would be justified. See *In re Veltmann*, 2007 WL 4191736 (Bankr. D. N.M. 2007); *Lakefront Investors LLC v. Clarkson*, 484 B.R. 72, (D. Md. 2012), aff'd, 520 Fed. Appx. 221 (4th Cir. 2013)  (finding that the bankruptcy court erred in failing to compare the treatment of the creditors inside and outside of bankruptcy when determining that the case should be converted rather than dismissed).

11.     This Court must compare and contrast the creditors' rights in a Chapter 7 bankruptcy to the rights they would have under state law.  *In re Superior Siding & Window, Inc.,* 14 F.3d 240, 243 (4th Cir.1994). Additionally, the "policy of equality among creditors, fundamental to the bankruptcy law, is one of the factors to be considered" in making this determination. *Id.*  The policy of equality among creditors is one factor that bankruptcy court must consider when deciding whether it is in the creditors' best interest to convert or to dismiss Chapter 11 case.

12.     Conversion was appropriate in a case where Debtor had no revenue and creditors would have little or no recovery through state court remedies.  In *In re Citi-Toledo Partners,* 170

B.R. 602, 31 Collier Bankr. Cas. 2d (MB) 934 (Bankr. N.D. Ohio 1994)  the Court held that the

ability of creditors to achieve a greater recovery through the bankruptcy process was

determinative.

13.     Where bankruptcy estate is not generating revenue, but value exists to be

maximized for creditors' benefit, and where creditor body will have more enhanced protection in

federal bankruptcy forum than in noncollective state-court proceedings, conversion to Chapter 7

rather than dismissal is more appropriate.  *In re Original IFPC Shareholders, Inc.*, 317 B.R. 738,

43 Bankr. Ct. Dec. (CRR) 280 (Bankr. N.D. Ill. 2004); *Great American Pyramid,* 144 B.R. 780

at 786–87 (Bank WD Tenn (1992).

14.     There is no specific numerosity requirement inherent in the "best interest" test of

the section of the Bankruptcy Code governing dismissal or conversion of a Chapter 11 case; the

interest of a single creditor with a large enough claim will suffice. 11 U.S.C.A. § 1112(b). *In re*

*Acme Cake Co., Inc.*, 495 B.R. 212 (Bankr. E.D. N.Y. 2010).

15.     The "best interests of creditors" test, as applied by bankruptcy courts in deciding

whether to dismiss or convert a Chapter 11 case, focuses on economic value of debtor's estate in

a converted case as compared to its value after dismissal.  In our case the parties cannot ensure

this Court that all creditors will receive a pro-rata recovery of their debts after conversion.

However it is certain that only two creditors (Northbrook Loans and HT Properties) will be paid

if the case is dismissed and returned to foreclosure.

16.     As it stands now the only creditor certain to be paid upon dismissal of this

bankruptcy is Northbrook Loans.  Three creditors filed mechanic lien claims.  Two of those three

have had their priority of their claims subordinated to Northbrook Loans, LLC by the state court

judgment and these liens will be paid nothing through foreclosure. The third lien claimant (HT

Properties, Inc.) is still involved in contested litigation relating to the priority of its lien.

17.     Both Out Chicago, LLC and Halsted Investment Partner's LLC ignore the best

interest of creditor analysis. Curiously the Motion to Dismiss fails to discuss the best interest of

creditors, other than a passing reference to the Debtor's conclusion that the Debtor believes that

the completion of the foreclosure process will deliver the same protection to Blackamg, LLC

creditors as conversion. (Debtor Motion, Dkt 48, at par. 23). This is categorically wrong.


**A.   State Court Distribution - Foreclosure**

18.     The foreclosure proceeding has already subordinated all creditor claims except

one. A foreclosure sale is unlikely to generate a cash buyer at a foreclosure auction with

sufficient funds to pay more than the Judgment balance. The state court foreclosure sale will

likely eliminate all but one of the real estate claims made by the creditors of Blackamg, LLC.

19.     HT Properties, Inc. filed a mechanic lien claim on January 3, 2012 as document

No.1200355068. This claimant filed a Counterclaim in the foreclosure case in May, 2012. The

lien claims priority to the date of the contract (2009). The priority of the lien ($121,000) has

been the subject of contested litigation which has delayed completion of the foreclosure case.

This creditor supports conversion in order to facilitate the sale of the Property and the

termination of contested litigation regarding the lien claim. See Exhibit A.

20.     With the exception of HT Properties, Inc., all of the Blackamg, LLC creditors

have either: 1) had their liens expressly subordinated to Northbrook Loans, LLC in the

foreclosure judgment; or 2) filed liens after the foreclosure process was started and the liens will

be eliminated by the foreclosure sale. 735 ILCS 5/2-1901; 735 ILCS 5/15-1503. The creditors

who will be wiped out in state court, but may be paid significant amounts through a Chapter 7

bankruptcy are Rob Brumbaugh, Nuexteriors, GUZ Construction, and judgment creditor Mini-

Bar.

**Rob Brumbaugh**

21.     On December 6, 2011 Kevin Jackson, in his individual capacity, granted a Trust

Deed in the nature of a mortgage on the Property to Rob Brumbaugh to secure an alleged debt

for $250,000.  (See Exhibit B, Doc. No.  1134018077).  The lien is defective because the

property has always been owned by Blackamg, LLC and not individually by Kevin Jackson.  The

mortgage can only be valid if the mortgagor was vested with an interest in the property.  This

Trust Deed has not been executed by the correct property owner and therefore did not create a

lien on the Property.  810 ILCS 5/3-402(b); 765 ILCS 5/11.  The Trust Deed may not be

enforced as a mortgage lien.  735 ILCS 5/15-1209.   Even if correctly executed, the lien was

recorded subsequent to the foreclosure Lis Pendens notice and all lien rights will terminate upon

approval of the foreclosure sale.  The only possible recovery by Rob Brumbaugh is through a

bankruptcy distribution as an unsecured creditor.

**Nuexteriors**

22.     The January 18, 2012 Mechanic Lien (Doc. 1201849035) filed by Nuexteriors for

$1,500 will be extinguished by the foreclosure.  No counterclaim was filed.  Because this lien

was filed after the foreclosure Lis Pendens was recorded and no timely suit was commenced, the

lien will fall and this creditor will be left with only its contract claim against Blackamg, LLC.

**GUZ Construction**

23.     The February 3, 2012Mechanic Lien (1203448025) filed by GUZ Construction

for $31,000 will be extinguished by the foreclosure.  No counterclaim was filed.  Because this

lien was filed after the foreclosure Lis Pendens was recorded and no timely suit was commenced, the lien will fall and this creditor will be left with only its contract claim against Blackamg, LLC.

**Mini-Bar**

24.     The July, 2012 judgment Lien by tenant Mini-Bar (1219329000) for $192,693.50 will be extinguished by the foreclosure.  The lien was filed after the foreclosure Lis Pendens was recorded and will be extinguished by the foreclosure.  This creditor will be left with only a contract claim against Blackamg, LLC.

25.     Only one creditor, other than Northbrook Loans, will possibly benefit from the completion of foreclosure.  All other creditors will receive nothing from the foreclosure.  Even if there is a surplus generated from the foreclosure sale, it will go to the Debtor and not the creditors.

26.     The result of this analysis is that the completion of the foreclosure remedies will eliminate any possible recovery for any Blackamg, LLC creditor except HT Properties, Inc., a creditor that favors conversion not dismissal.

**B.  Potential Bankruptcy Distribution**

27.     Chapter 7 of the Bankruptcy Code provides a statutory means for an orderly liquidation and equitable distribution of the debtors' assets. It is a form of relief afforded by the bankruptcy laws which involves the collection, liquidation, and distribution of the property of a debtor.   Promptly after the order for relief under chapter 7 (11 U.S.C.A. § 348(a)), the United States trustee shall appoint a disinterested person that is a member of the panel of private trustees established under 28 U.S.C. § 586(a)(1) to serve as trustee in the case.

28.     The chapter 7 trustee's principal statutory duty is to collect and reduce to money the property of the estate for which the trustee serves and to close the estate as expeditiously as is compatible with the best interests of creditors and other parties in interest. In addition to the liquidation of the single asset in this estate, the chapter 7 trustee must investigate the financial affairs of the debtor and examine proofs of claim and object to the allowance of any claim that is improper.

29.     Once the chapter 7 trustee has abandoned burdensome properties and collected and reduced to money the other properties of the estate for which the trustee serves, section 726 then dictates the order in which distribution is made to creditors. That is, chapter 7 contains a statutory "liquidating plan". Cf. 11 U.S.C. § 1123(b)(4).

30.     In *Burlingham v. Crouse,* 228 U.S. 459, 473, 33 S.Ct. 564, 568, 57 L.Ed. 920 (1913), the Supreme Court stated that "the two-fold purpose of the Bankruptcy Act [is] to convert the estate of the bankrupt into cash and distribute it among creditors and then to give the bankrupt a fresh start...." For corporations and partnerships, who do not receive chapter 7 discharges, the liquidation and equal distribution of assets among creditors is the primary purpose.

31.     In the Blackamg, LLC single asset case, the Debtor estimated that the Property has a value of $3,000,000. Debtor repeats this valuation in its Motion. (See Debtor Motion, Dkt. 48, par. 4). This is the minimum value reported to Northbrook Loans in a March 30, 2015 Broker Opinion of Value. See Exhibit C. Neither the Motion to Dismiss nor the supporting Memoranda quarrel with this valuation. The question for this Court to determine is whether the creditors of Blackamg, LLC will receive a greater distribution from the bankruptcy sale of the Property than from the completion of the foreclosure proceedings. The following analysis

clearly shows that creditors will receive a much greater distribution in the bankruptcy case than in the foreclosure case.

32.    The Broker Opinion of Value obtained by Northbrook Loans, LLC places the value between $3,000,000 and $3,150,000.  See Exhibit C.  Based upon the known claims filed against the Property, even after payment of disputed secured claims, there would still be a sizable distribution available to unsecured creditors:

| | |
|---|---|
| Blackamg/Northbrook payoff | $2,400,000[1] |
| 5% commission would be | $   150,000 |
| Three Mech. Liens | $   153,500 |
| Mini-Bar Judgment Lien | $   190,000 |
| Total w/o pro-rations | $2,893,500 |

### C.  COMPARISON OF STATE COURT REMEDIES v. BANKRUPTCY CREDITOR RECOVERY

33.    In both scenarios Northbrook Loans is entitled to its $2,400,000 recovery. Thereafter, to the extent that its lien is given priority, the only other creditor to possibly recover in the foreclosure proceeding is HT Properties, Inc. ($122,000).  No other creditor will receive a payment arising out of the foreclosure proceeding.

34.    In the Bankruptcy scenario Northbrook Loans and HT Properties, Inc. take the same recovery.  Thereafter the junior lien creditors will be paid in full:  (a) a mechanics lien in favor of Nuexteriors Concept, Inc. in the approximate amount of $15,300; (b) a mechanics lien in favor of Guz Construction Corp. in the approximate amount of $30,173; and (c) a judgment lien in favor of Minibar, Inc. ("Minibar") in the approximate amount of $190,000.  This represents a

---

[1]  Debtor scheduled the claim at $2,300,000.00

total of $235,473 paid to these creditors who would otherwise receive nothing through

foreclosure.  Moreover, even after these distributions there will be $110,000 available for

payment of administrative claims and unsecured creditors.

35.    The potential recovery to creditors other than Northbrook Loans is $345,473 less

costs of administration.  This represents a substantial benefit to creditors which is unavailable if

this case is dismissed.

## IV.    OTHER POTENTIAL CLAIMS

36.    Conversion will permit a Chapter 7 Trustee to examine the financial relationships

between Kevin Jackson, the principal behind Blackamg, LLC and OutChicago, the principal

party now seeking dismissal.   Kevin Jackson filed this bankruptcy and announced at the creditor

meeting that in the event a restructuring through OutChicago did not happen,  the intent was to

seek the sale of the real property in order to maximize recovery for creditors.  At some point

after OutChicago reached a deal with other interested buyers, Mr. Jackson mysteriously changed

course and instead opts to terminate the bankruptcy, certainly dooming most of the creditors to

no recovery.

37.    The court determined that conversion and not dismissal was appropriate in *In re

Babayoff*, 445 B.R. 64, 54 Bankr. Ct. Dec. (CRR) 93 (Bankr. E.D. N.Y. 2011).  The Court

decided that not only was in the best interests of creditors and the estate to convert, but a Chapter

7 trustee would also be able to look into circumstances of the Debtor's conduct.  11 U.S.C.A. §

1112(b).

38.    If converted, the Chapter 7 Trustee will be charged with the responsibility to see

if there are additional claims that are collectible for creditors. *In re FRGR Managing Member

LLC*, 419 B.R. 576 (Bankr. S.D. N.Y. 2009).  In *FRGR* the Court determined that conversion of

Chapter 11 case to one under Chapter 7 rather than dismissal was in best interest of creditors and estate even though debtor had no operating assets, given evidence that debtor's principal appeared to have been acting in his own personal interest rather than in interests of estate and its creditors, and given that secured creditor had agreed to fund activities of Chapter 7 trustee to support investigative efforts of trustee and trustee's professionals. A similar situation exists here. The principal asset, the Property is secure and ready to be marketed and sold by the Trustee.  No preliminary action is required.  No pre-marketing repairs are necessary. There is no problem in assembling rent rolls or historical operating reports.  All the preliminary steps needed to effectively and quickly market and sell the single asset of this estate have already been done.

39.    In *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, (S.D. N.Y. 2001) the Court found conversion to be preferred over dismissal to allow a Trustee to investigate whether debtor's general partner, through whom debtor had acted during the pendency of its bankruptcy case, had engaged in gross misconduct and self-dealing, including reaching an undisclosed agreement with successful bidder to take an interest in estate assets that were sold and sharing profits on those assets' resale, and otherwise operating the limited partnership as if it were not a debtor under Chapter 11, and creditors were in need of a Chapter 7 trustee to protect their interests.

40.    Conversion of Chapter 11 case to one under Chapter 7 rather than dismissal was appropriate in *In re Picacho Hills Utility Co., Inc.*, 518 B.R. 75 (Bankr. D. N.M. 2014).  The Court found that conversion would allow a neutral, unbiased trustee to administer claims and investigate and pursue avoidable transfers, thereby maximizing distribution to creditors, without incurring administrative costs associated with Chapter 11 proceeding.

{00207578}                                  12

## CONCLUSION

41.     The best interests of the creditors of Blackamg, LLC require that this case be converted and not dismissed.  If dismissed only one creditor, other than Northbrook Loans, will benefit from the completion of foreclosure.  No other creditors will benefit from a return to state court.  The completion of the foreclosure remedies will eliminate any possible recovery for any other Blackamg, LLC creditor except HT Properties, Inc., a creditor that favors conversion not dismissal.

42.     If the case is converted, the analysis above indicates that the potential recovery to other creditors could be $345,473 less costs of administration.  This represents a substantial and significant benefit to creditors which is unavailable if this case is dismissed.  This benefit to creditors mandates a conversion and not dismissal of this case.

WHEREFORE, Lender prays that this Court enter an Order denying the Motion to Dismiss and alternatively convert this case to Chapter 7.

Respectfully submitted,

By:     /s/Raymond J. Ostler
        For Northbrook Loans, LLC

GOMBERG, SHARFMAN, GOLD AND OSTLER, P.C.
208 S. LaSalle Street, Suite 1410
Chicago, IL 60604-1003
(312) 332-6194
(312) 332-4083 fax