HT Properties, Inc. entered into a written contract the Blackamg, LLC on or about September 21, 2009 to perform and furnish labor, material, and equipment to property commonly known as 3339-3341 N. Halsted, Chicago, Illinois ("Property").

Work commenced on September 23, 2009 and was substantially completed on October 7, 2011.

On January 3, 2012 HT Properties, Inc. recorded its Mechanic Lien claim with the Office of the Recorder of Deeds of Cook County, Illinois as document No. 1200355068.

On May 3, 2013 HT Properties, Inc. filed a Counterclaim in the mortgage foreclosure case filed by Northbrook Loans. The Counterclaim seeks both foreclosure of the mechanic lien and also judgment against Blackamg, LLC for the unpaid contract balance believed to be not less than $121,476.10 when the counterclaim was filed.

The mechanic lien claim has been contested and continues to be unresolved and the subject of a dispute with Northbrook Loans.

In order to protect and preserve all rights of recovery, HT Properties, Inc. supports the conversion of the pending bankruptcy case (*In re Blackamg, LLC.*, 14-32758) and not the dismissal of the bankruptcy case.

HT Properties, Inc. believes that conversion is in the best interests of the creditors of Blackamg, LLC.

_____
HT Properties, Inc.

{RO0018}

**EXHIBIT A**
**CONVERSION CONSENT**
**HT PROPERTIES, INC.**

45544

| Illinois Anti-Predatory Lending Database Program | |
|---|---|
| Certificate of Exemption | Doc#: 1134018077 Fee: $42.00<br>Eugene "Gene" Moore RHSP Fee:$10.00<br>Cook County Recorder of Deeds<br>Date: 12/06/2011 04:34 PM Pg: 1 of 4 |
| Report Mortgage Fraud<br>800-532-8785 | |

The property identified as:   PIN: 14-21-308-069-0000

**Address:**
Street:   3335-3337 NORTH HALSTED STREET
Street line 2: 3339-3341 NORTH HALSTED STREET 14-21-308-070-0000
City: CHICAGO        State: IL        ZIP Code: 60657

Lender: ROB BRUMBAUGH-TRUSTEE

Borrower: KEVIN H JACKSON

Loan / Mortgage Amount: $250,000.00

This property is located within the program area and the transaction is exempt from the requirements of 765 ILCS 77/70 et seq. because the application was taken by an exempt entity.

Certificate number: 81BA5B49-8579-4A2E-92BD-D0E4BCE4A1EF        Execution date: 02/24/2011

# EXHIBIT B
# BRUMBAUGH - JACSKON
# MORTGAGE

# TRUST DEED
## SECOND MORTGAGE
### (ILLINOIS)

This instrument was prepared by: Robert C. Griffin
Attorney at Law
1117 West Belmont Avenue
Chicago, IL 60657-3312

This space for Recorder's Use

THIS INDENTURE WITNESSETH, That Kevin H. Jackson (hereinafter called the Grantor), of Chicago, Illinois, for and in consideration of the sum of ten and no/hundredths Dollars in had paid, and other good and valuable consideration, CONVEYS AND WARRANTS to Rob Brumbaugh, of 715 Bordeaux Ct., Inverness, Illinois 60010, as Trustee, and to his successors in Trust hereinafter named, the following described real estate, with the improvements thereon, including all heating, air-conditioning, gas and plumbing apparatus and fixtures, and everything appurtenant thereto, together with all rents, issues and profits of said premises, situated in the County of Cook and State of Illinois, to-wit:

The North 38 feet of lots 8, 9 and 10 taken as a tract in W. J. Haerther's North Shore Addition in Pine Grove, a subdivision of fractional Section 21, Township 40 North, Range 14 East of the Third Principal Meridian, map of which was recorded September 22, 1892 in Book 56 of Plats, Page 32 in Cook County, Illinois,

Hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of the State of Illinois.

P.I.N. No.: 14-21-308-070-0000.

Address of Premises:    3339-3341 North Halsted St, Chicago, IL 60657-3312

IN TRUST, nevertheless, for the purpose of securing performance of the covenants and agreements herein.

WHEREAS, The Grantor is justly indebted upon his principal promissory note bearing even date herewith, payable as therein stated to Rob Brumbaugh.

THE GRANTOR covenants and agrees as follows: (1) To pay said indebtedness, and the interest thereon, as herein and in said note or notes provides, or according to any agreement extending time of payment; (2) to pay when due in each year, all taxes and assessments against said premises, and on demand to exhibit receipts therefor; (3) within sixty days after destruction or damage to rebuild or restore all buildings or improvements on said premises that

may have been destroyed or damaged; (4) that waste to said premises shall not be committed or suffered; (5) to keep all buildings now or at any time on said premises insured in companies to be approved by the Grantees herein, who are hereby authorized to place such insurance in companies acceptable to the holder of the first mortgage indebtedness, with loss clause attached payable *first*, to the first Trustee or Mortgagee, and *second*, to the Trustees herein as their interests may appear, which policies shall be left and remain with the said Mortgagee or Trustee until the indebtedness is fully paid; (6) to pay all prior encumbrances, and the interest thereon, at the time or times when the same shall become due and payable.

IN THE EVENT of failure so to insure, or pay taxes or assessments, or the prior encumbrances or the interest thereon when due, the Grantees or the holder of said indebtedness, may procure such insurance, or pay such taxes or assessments, or discharge or purchase any tax lien or title affecting said premises or pay all prior encumbrances and the interest thereon from time to time; and all money so paid, the Grantor agrees to repay immediately upon demand, and the same with interest thereon from the date of payment at 9.25 per cent per annum shall be so much additional indebtedness secured hereby.

IN THE EVENT of a breach of any of the aforesaid covenants or agreements the whole of said indebtedness, including principal and all earned interest, shall, at the option of the legal holder thereof, upon notice, become immediately due and payable, and with interest thereon from time of such breach at 5 per cent per annum, shall be recoverable by foreclosure thereof, or by suit at law, or both, the same as if all of said indebtedness had then matured by express terms.

IT IS AGREED by Grantor that all expenses and disbursements paid or incurred in behalf of plaintiff in connection with the foreclosure hereof—including reasonable attorney's fees, outlays for documentary evidence, stenographer's charges, cost of procuring or completing abstract showing the whole title of said premises embracing foreclosure decree—shall be paid by the Grantor; and the like expenses and disbursements, occasioned by any suit or proceeding wherein the Grantees or any holder of any part of said indebtedness, as such, may be a party, shall also be paid by the Grantor. All such expenses and disbursements shall be an additional lien upon said premises, shall be taxed as costs and included in any decree that may be rendered in such foreclosure proceedings; which proceeding, whether decree of sale shall have been entered or not, shall not be dismissed, nor release hereof given, until all such expenses and disbursements, and the costs of suit, including attorney's fees, have been paid. The Grantor, for the Grantor and for the heirs, executors, administrators and assigns of the Grantor, waive all right to the possession of, and income from, said premises pending such foreclosure proceedings, and agrees that upon the filing of any complaint to foreclose this Trust Deed, the court in which such complaint is filed, may at once and with notice to the Grantor, or to any party claiming under the Grantor, appoint a receiver to take possession or charge of said premises with power to collect the rents, issues and profits of the said premises.

The name of the record owner is: BLACKAMG, LLC

IN THE EVENT of the death or removal from Cook County of the Grantees, or of their resignation, refusal or failure to act, then **Robert C. Griffin** of said County is hereby appointed to be first successor in this trust; and if for any like cause said first successor fail or refuse to

Page 2

act, the person who shall then be the acting Recorder of Deeds of Cook County is hereby appointed to be second successor in this trust. And when all of the aforesaid covenants and agreements are performed, the Grantees or their successor in trust, shall release said premises to the party entitled, on receiving his reasonable charges.

This trust deed is subject to all prior recordings with the Cook County Recorder of Deeds.

This trust deed is made to memorialize a loan made September 2, 2010

Witness the hand and seal of the Grantor this 24th day of February, 2011.

_____(SEAL)
KEVIN H. JACKSON

State of Illinois ) ss:
County of Cook )

I, __Robert C. Griffin__, a Notary Public in and for Cook County, in the State of Illinois, DO HEREBY CERTIFY that KEVIN H. JACKSON, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and official seal this __24__ day of February, 2011

_____
Notary Public

OFFICIAL SEAL
ROBERT C GRIFFIN
Notary Public - State of Illinois
My Commission Expires / / 2013

My commission expires: _____

This instrument was prepared by Robert C. Griffin, Attorney at Law, 1117 West Belmont Avenue, Chicago, IL 60657-3312.

MAIL TO: Rob Brumbaugh, 715 Bordeaux Ct., Inverness, Illinois 60010

# Garrett Realty
## & DEVELOPMENT, INC.



# OPINION OF VALUE
## 3339-41 N. Halsted Street I Chicago, IL
SUBJECT PROPERTY

Prepared For

Mr. Raymond J. Ostler
Gomberg, Sharfman, Gold and Ostler
208 S. LaSalle Street Suite 1410
Chicago, IL 60604
March 31, 2015

Presented By
David Schraufnagel
773.430.6406
david@garrettrealtyinc.com

**EXHIBIT C**
**BROKER OPINION OF VALUE**

Garrett Realty & Development, Inc.

2211 N. ELSTON AVE • SUITE 308 • CHICAGO, IL 60614 • O 773-880-1322 • F 773-880-1090

Location:   Lakeview / Boystown Neighborhood – Chicago, IL

Building:   The subject property located at 3339-41 N. Halsted Street consists of a 3-story brick mixed-use apartment/restaurant building with 2 basements and a parking pad in the rear for 4 cars. The ground floor consists of two restaurant spaces and the upper floors consist of four 3-bedroom, 2-bathroom apartments. The property was built in the 1920's, but has been rehabbed recently and is in good to excellent condition.

Size:   The Lot Size is Approximately 35' wide by 110' deep (3,850 sq. ft.). The Building Size is approximately 35' wide by 70' deep (2,450 sq. ft.)

Zoning:   C1-2

# DETERMINATION OF VALUE

The value of 3339-41 N. Halsted Street can be derived in two different ways; by the Income Approach and/or by the Sales Comparable Approach. Being an income producing property, the amount of NOI it produces is the single most important factor in deriving its value.

**INCOME APPROACH:**

The Income Approach compiles the gross rents produced by the Property, and then subtracts the expenses incurred by the Property, in order to derive the Net Operating Income. The Net Operating Income is then multiplied by an appropriate capitalization rate to determine the property's value.

The residential rents in the Subject Property are currently under market. The MLS shows that over the past 6 months, comparable 3-bedroom/2-bathroom apartments in Lakeview have rented on an average of $2,700 per month ($32,400 per year).

The commercial units in the subject property appear to be more in line with market rent. When analyzing comparable commercial spaces, things like the specific conditions, attributes and finishes are key factors in determining the appropriateness of each comp. The overall condition and finishes of the subject property's commercial units is excellent. Furthermore, both unit have full, functioning basements used for food prep, in which no additional rent is being charged. Based on our research, and factoring in the condition of these particular commercial units, the current rental rates are in line with market.

2

INCOME (annual gross rents)

| Unit: | Actual: | Market (projected): |
|---|---|---|
| Retail 3339 (1,600 sq. ft.) | $96,601.32 ($60.38/sf, gross) | $96,601.32 |
| Retail 3341 (1,500 sq. ft.) | $63,224.64 ($42.15/sf, gross) | $63,224.64 |
| 3339 #2 (3BR, 2Bath) | $29,940.00 | $32,400.00 |
| 3339 #3 (3BR, 2Bath) | $28,860.00 | $32,400.00 |
| 3341 #2 (3BR, 2Bath) | $27,600.00 | $32,400.00 |
| 3341 #3 (3BR, 2Bath) | $0 (vacant) | $32,400.00 |
|  |  | $289,425.96 |

*Source: MLS - http://goo.gl/6ogV51

| Less: Vacancy & Collection (5%): | ($14,471.29) |
|---|---|
| Gross Annual Income: | $274,954.67 |

EXPENSES (annual):

| Real Estate Taxes (2013, paid in 2014): | $29,224.88 |
|---|---|
| Management: | $14,400.00 |
| Operating Expenses: | $40,469.00 |
| Total Expenses: | ($84,093.88) |
| **Annual Net Operating Income:** | **$190,860.79** |

When using more market-appropriate rental rates, and plugging in the specific expenses associated with the property, an NOI of $190,860.79 is generated.

According to both a professional appraiser, and the comparable Cap Rates derived in the next section of this report, an appropriate Cap Rate for this type of property in this neighborhood with this type of tenant base should be between 6% and 6.5%. We will use our next valuation approach to justify this range as well. Therefore, based on a cap rate of say 6.25%, and the NOI that is derived above, the Income Approach yields a value of **$3,053,772.64**

3

## SALES COMPARISON APPROACH:

The comps provided below are all be income-producing, mixed-use properties that have all sold recently and are near the Subject Property. Analyzing the income that these properties produce, and they prices they sold for, will determine the appropriate cap rate to use for valuing the Subject Property.

1) 2636 N. Lincoln Ave. sold on July 24, 2014. This property consists of 3 residential apartments and 1 ground floor commercial unit. All units appear to be in very good shape with updated finishes. At the time of sale, the building was fully occupied and produced an annual Net Operating Income of $89,092. With a sales price of $1,925,000, **the property's cap rate was 4.6%.**



2) 2816 N. Lincoln Ave. sold on January 23, 2014. This property consists of 2 residential apartments and 1 ground floor commercial unit. All units appear to be in very good shape with updated finishes. At the time of sale, the building was fully occupied and produced an annual Net Operating Income of $41,244. With a sales price of $960,000 **the property's cap rate was 4.3%.**



3) 2821 N. Halsted St. sold on July 15, 2014. This property consists of 2 residential apartments and 1 ground floor commercial unit. All units appear to be in very good shape with updated finishes. At the time of sale, the building was fully occupied and produced an annual Net Operating Income of $55,092. With a sales price of $880,000 **the property's cap rate was 4.3%.**



4) 1148 W. Belmont Ave. sold in April of 2014. This property consists of 4 residential apartments and 1 ground floor commercial unit. All units appear to be in medium to good shape with somewhat updated finishes. At the time of sale, the building was fully occupied and produced an annual Net Operating Income of $66,033. With a sales price of $955,000 the **property's cap rate was 6.9%.**



5) 3338 N. Lincoln Ave sold in April of 2014. This property consists of 8 residential apartments and 2 ground floor commercial units. All units appear to be in medium to good shape with somewhat updated finishes. At the time of sale, the building was fully occupied and produced an annual Net Operating Income of $159,315. With a sales price of $2,562,500 the **property's cap rate was 6.2%.**



6) 3341-43 N. Clark sold in April of 2013. This property consists of 8 residential apartments and 1 ground floor commercial (restaurant) unit. All units appear to be in great shape with updated finishes. At the time of sale, the building was fully occupied and produced an annual NOI of $260,832. With a sales price of $4,180,000 **the property's cap rate was 6.2%.**



Based on the most relevant income-producing comps, as provided above, the appropriate cap rate to use when valuing the Subject Property is indeed **between 6% and 6.5%**

## BROKER'S OPINION OF VALUE

After analyzing the characteristics of the Subject Property and using the valuation methods above, it is our opinion that the value of 3339-41 N. Halsted is between $3,000,000 and $3,150,000. We would recommend an initial asking price of $3,250,000.

5