**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLACKAMG, L.L.C. | ) | Case No.      14-32758 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

**OUT CHICAGO, LLC'S REPLY IN SUPPORT OF**
**THE MOTION TO DISMISS ITS CHAPTER 11 CASE**

OUT CHICAGO, LLC ("OUT") submits this reply memorandum in support of the motion to dismiss (the "Motion") filed by Debtor, BLACKAMG, L.L.C. ("Debtor"), and in opposition to Northbrook Loans, LLC's Response in Opposition To Debtor's Motion to Dismiss (Dkt. 57, the "Response") which requests, instead that the case be converted.

1.      The Response filed by Debtor's lender, NORTHBROOK LOANS, LLC ("Northbrook") misses the mark in a number of notable respects.  First, it *completely* fails to address the Memorandum filed by HALSTED INVESTMENT PARTNERS, LLC ("Halsted"). Halsted set forth compelling evidence that Northbrook's request that the case be converted rather than dismissed is nothing more than an attempt to use these proceedings as a means to prevent a contractual condition from occurring so that Northbrook can avoid its otherwise unequivocal contractual obligation to Halsted.  Northbrook offers *literally* nothing in response.  Because it has no response.  Northbrook's silence could not be more damning.  The Court should not even entertain a request that the case be converted, and should summarily dismiss the captioned case instead.

2.      Second, Northbrook's request that the case be converted rests tenuously on an unsigned "Opinion of Value" (Dkt. 57-1).  Besides the fact that the cursory "opinion" falls well

short of even the most relaxed standards on admissibility, the "opinion" is grossly inflated and wholly unreliable.

   3.  Notably, the inflated value is based on the flawed assumption that the commercial tenant (or tenants) on the property will continue to pay rent at the current rate of more than $51 per square foot. In fact, as Northbrook is aware, the current lease expires in five months.  Moreover, in August 2014, the Receiver for the property sought and obtained approval from the Court in the foreclosure action to enter into a lease extension at $40 per square foot, which is far closer (yet still above) the prevailing market rate.

   4.  Northbrook is aware of that the rent for the tenant of the commercial units, Mini Bar LLC, will be reduced.  Indeed, Northbrook's counsel prepared the order approving the new lease rate. *See* August 8, 2015 Order, attached hereto as Exhibit A.  It is inexcusable, therefore, for Northbrook to foist upon this Court an appraisal that so clearly and grossly overstates rental income.

   5.  The Opinion of Value is also flawed in that it ignores the rental rates for the residential units, and summarily speculates that the units (one of which is vacant) could be rented at substantially higher rates.

   6.  When the correct commercial and rental income is utilized, the value of the property rate reduces to no more than $2,500,000 and $2,600,000.  *See* Market Analysis of Property Prepared by Don Friedman, attached hereto as Exhibit B.   Even at the high end of that range, it is clear that there could be no benefit to the Debtor's estate from converting the case and selling the property pursuant to §363 of the Code.

   7.  Finally, even assuming that the property could be sold for $3,000,000, Northbrook offers no reasoning or rationale to explain why the Debtor's creditors would derive any benefit from proceeding with a § 363 sale rather than through the foreclosure sale that was ordered years ago.  Because there is no benefit (except to Northbrook).

8.      As Northbrook admits, all of the mechanics lien claimants were joined in the foreclosure action, and if the property is sold by the sheriff, each claimant will receive a report of the sale in foreclosure and any surplus that might remain after Northbrook and/or HT Properties are paid.  There is no benefit of proceeding with a §363 sale rather than the pending foreclosure sale.

9.      Indeed, it is telling that Northbrook purports to be advocating for the Debtor's estate, yet not a single unsecured creditor has joined its position, and one, Rob Brumbaugh, supports dismissal.  The oddity of having secured creditor standing alone in *resisting* dismissal of this bankruptcy speaks volumes about Northbrook's motives.

WHEREFORE, OUT respectfully requests that the Court enter an order granting Debtor's Motion, dismissing this chapter 11 case and granting such other and further relief as this Court deems just and appropriate.

Dated:  May 11, 2015

Respectfully Submitted,

**OUT CHICAGO, LLC**

By:___/s/ *George J. Spathis*_____
                One of its Attorneys

George J. Spathis (# 6204509)
HORWOOD MARCUS & BERK CHTD.
500 West Madison, Suite 3700
Chicago, Illinois 60661
312-606-3200
gspathis@hmblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015, I electronically filed the foregoing pleading with

the Clerk of the Court using CM/ECF system which will send notification of such filing to those

participants registered with the ECF system including those listed below:


**14-32758 - Notice will be electronically mailed to:**

Denise A Delaurent on behalf of U.S. Trustee Patrick S Layng
USTPRegion11.es.ecf@usdoj.gov,
Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov

Michael J. Goldstein on behalf of Creditor Northbrook Loans, LLC
mjg@mjglaw.com

Brian M. Graham on behalf of Debtor BLACKAMG, L.L.C.
bmgrahampack@sbcglobal.net

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Raymond J Ostler on behalf of Creditor Northbrook Loans, LLC
rostler@gsgolaw.com

George J. Spathis on behalf of Creditor Out Chicago
gspathis@hmblaw.com, lvalenti@hmblaw.com,lmalone@hmblaw.com

Andrew A Jacobson on behalf of Creditor Halsted Investment Partners, LLC
ajacobson@bupdlaw.com, nwood@bupdlaw.com

Nicole M Strickler on behalf of Creditor Robert Jr Brumbaugh
strickler@messerstilp.com

A copy will be separately emailed to:

Glenn Kanter on behalf of Creditor Halsted Investment Partners, LLC
gkanter@bupdlaw.com


 */s/ George J. Spathis*